Matthew M. Levy, J.
This is a motion for removal of a Supreme Court, Westchester County, action to New York County and for consolidation of that action with one now pending in Supreme Court, New York County.
The application is made by the New York County defendants. Both actions arise out of the same automobile accident, which occurred in March, 1958. The plaintiffs in Westchester are defendants in New York, and vice versa. The attorneys are not the same. The New York action was instituted in 1958, the Westchester action in 1960. The Westchester suit has not been noticed for trial. The New York action was noticed for trial for the June, 1960 Term and is on the calendar for trial for March 8, 1962 at Special and Trial Term, Part XIV, of this court. The plaintiffs in the New York action oppose the motion, for the reasons, among others (which have not been contradicted) that examinations before trial in the Westchester suit, although demanded, have not as yet been held and the New York action is to be tried pronto.
In my view, the naked granting of the relief requested would probably delay the pending trial, and, in effect, reward those who have been guilty of laches and penalize the diligent suitors.
While the principle of res judicata would avoid duplication of the presentation of some of the proof (Elder v. New York & Pennsylvania Motor Express, 284 N. Y. 350, 352; Good Health Dairy Prods. Corp. of Rochester v. Emery, 275 N. Y. 14, 18), nevertheless, in these days of crowded calendar conditions in the Supreme Court, the energies of that court and its Justices should not, if possible, be occupied with the same litigation in different counties. “ One trial and one verdict can answer fully all the problems arising from * * * [a] single motor vehicle collision. It is quite inadmissible under the present conditions of crippling calendar congestion to allow separate trials to dispose of the questions growing from one collision ” (Edwards v. Lewin, 284 App. Div. 28, 30). “ Certainly, the ends of justice *1053 will be served and a multiplicity of trials will be avoided if a joint trial is had of the two actions, herein involved ” (Spadaccini v. City of New York, 9 A D 2d 502, 505; Krohe v. Goldman, 167 Misc. 930; Denton v. Koshfer, 201 Misc. 394).
Therefore, the motion will be granted on the condition that all pretrial procedures in the Westchester action are waived by the parties there, and that they be ready for trial when the action is reached in New York County. Settle order, after reading Vidal v. Sheffield Farms Co. (208 Misc 438). In the event that the Westchester parties do not stipulate as aforesaid, the motion is denied. Even then all is not lost for the moving parties. For — depending upon the nature and state of the proof — the fact that the defendants here have themselves sued as plaintiffs elsewhere will undoubtedly be noted at the forthcoming trial, and they will not be deprived of the tactical advantage, if any, of that circumstance.