OPINION OF THE COURT
Edwin J. Tobin, J.
This is a motion by defendant for an order compelling plaintiff to serve a bill of particulars and to disclose certain information.
Plaintiff, a physician, filed a small claim against defendant to collect a bill in the amount of $105, for professional services rendered on behalf of defendant’s infant son. The defendant filed a demand for a jury trial in accordance with section 1806 *693 of the Uniform City Court Act (UCCA). Defendant consequently moved for an order requiring plaintiff to serve a bill of particulars with respect to plaintiffs claim and requiring plaintiff to disclose certain other information relating to defendant’s defense. The motion papers demonstrate that the defendant’s defense is "based upon the quality of the medical services rendered by plaintiff’.
Plaintiff contends that disclosure should not be permitted with respect to any small claim, and particularly in this instance, since the motion papers disclose that the defendant has acknowledged that he is presently in possession of most of the information sought by the motion. In reply, defendant contends that the demand for a jury trial has transformed the small claim into an action of the same nature as an action commenced in this court by the service of a summons. Defendant argues that the case now is subjected to all procedures governing actions commenced by the service of a summons, including those pertaining to bills of particulars and disclosure. Defendant also urges that as a consequence of the filing of the jury demand, and the transfer of the case from the Small Claims Part to that part of the court where cases are tried before juries, any judgment to be entered in this action may be pleaded as res judicata in any subsequent malpractice action which defendant may commence against plaintiff on behalf of his infant son. According to the defendant, the judgment in this "transformed” small claim will have far reaching effect, and therefore all procedural guidelines should be applied to the current litigation.
The Small Claims Part of this court was established with the expressed purpose of providing a simple, informal and inexpensive procedure for the disposition of actions conforming to the statutory definition of a small claim (UCCA, § 1802). In keeping with this purpose, the statute provides that disclosure is not available for small claims, except by court order upon a showing of proper circumstnaces (UCCA, § 1804). While technically not disclosure devices, bills of particulars are prohibited by section 1804 in the absence of a showing of proper circumstances (Selman v Appel’s Garage and Serv. Sta., 73 Misc 2d 581; Siegel, Practice Commentary, McKinney’s Cons Laws of NY, Book 29A, UCCA, § 1804, 1977-1978 Pocket Part).
This court is of the opinion that the term "proper circumstances” requires more than a showing that the infor *694 mation sought to be disclosed is relevant or helpful information. Neither disclosure nor bills of particulars should be permitted in a small claim action, unless the movant demonstrates a special need, or circumstances of such significant consequences as will permit the court, in the exercise of good judgment, to interject a complicating factor and delay into a proceeding which is intended to be uncomplicated and prompt.
Here, defendant has admitted that he is in possession of the hospital record which contains most of the information sought by the motion. The amount in controversy is $105. If this case continues to be a small claim after its transfer to the jury term, the res judicata effect of any judgment entered upon the verdict will be limited by section 1808 of the UCCA.
It therefore appears that proper circumstances have not been demonstrated, and the motion should be denied, if the case is still a small claim. On the other hand, if the transfer of the case from the Small Claims Part to the jury term has changed the nature of the case so that it is now the equivalent action commenced by service of a summons, then all civil procedures applicable to such actions should be available in this instance.
It is the holding of this court that the filing of a demand for a jury trial and the consequential transfer of a small claim from the Small Claims Part to that part of the court which hears jury cases, do not change the small claim into the equivalent of an action commenced by the service of a summons. The basic nature and character of the action remain unchanged by the transfer and the case continues to be a small claim (Dolin v Eck, 61 Misc 2d 549; De Nicola v Pallas, 82 Misc 2d 156). Except in those instances where the court, pursuant to the authority of subdivision (a) of section 1805 of the UCCA specifically subjects a small claim to the usual practices and procedures, the liberalized rules of practice and evidence applicable to small claims should be applied to all actions which conform to the statutory definition of a small claim, regardless of whether the factual issues in such actions are determined by a court or by a jury.
This conclusion is supported by section 1806 of the UCCA which provides that upon transfer following the filing of a demand for a jury, the court may require pleadings. The permissive language of this section implies an intention to continue the informal nature of thé proceeding following such transfer, unless the court directs otherwise.
*695 Moreover, to hold to the contrary would permit the party demanding the jury to require all parties to the action to adhere to the statutes and rules pertaining to practice, procedure, pleadings and evidence. The result would be a complex, formal and expensive proceeding, even though the action by definition is a small claim. The purpose of the statute would be there thwarted.
Accordingly defendant’s motion is in all respects denied.