OPINION OF THE COURT
Michael L. McCarthy, J.
The motion to settle taxation of costs having been made on behalf of the defendant by Michael R. McGee commenced by the service of a notice of motion on the plaintiff, Patricia Hannon, through her attorney, P. William Stephens; and both counsel having been heard on the record on January 8, 1979. Now, on due consideration of the papers and arguments of counsel, it is hereby decided that costs in the above-entitled matter shall be awarded to the plaintiff in the total amount of $169.20.
This action was commenced as a small claim under article 18 of the Uniform City Court Act. It was transferred to the *507 regular jury term of the Buffalo City Court under the provisions of section 1806, upon a jury demand by the defendant, Republic Steel Corporation. The last sentence of section 1806 reads: "In any small claim which may have been transferred to another part of the court, the court may award costs up to twenty-five dollars to the plaintiff if he prevails.”
While that sentence of section 1806 seems to be all inclusive as to any matter transferred from small claims part to the jury term, it definitely conflicts with a literal reading of section 1805 of the Uniform City Court Act. Section 1805 provides that the court, in its discretion, may transfer a small claim to any other part of the court upon such terms and rules as it may provide, and "proceed to hear the same according to the usual practice and procedure applicable to other parts of the court.” Under subdivision (b) of section 1805, a counterclaim in excess of the jurisdictional limit of small claims will similarly cause the automatic transfer of said cause of action to the regular part of court. The rules developed in Buffalo City Court for the discretionary transfer of small claims matters are generally as follows: where the issue of law is highly esoteric or complicated; or where the fact situation is unusually complicated or requires detailed or expert testimony; or where the number of witnesses and/or parties is so great that it would unduly burden the small claims part to run an informal proceeding of that nature; or some unusual or difficult situation which, in the judgment of the court, would be better handled in the regular part of court.
Under section 1805, the clear intention of the statute is that a matter which, even though brought in small claims, deserves to be tried in the more rigid and controlled atmosphere of the regular part of court, and therefore should, in all respects, be treated as a normal lawsuit from the point of transfer forward. Subdivision (b) of section 1805 further indicates that the normal filing fees would have to be paid with the pleading of a counterclaim in excess of the jurisdictional limits of small claims court. Additionally, it has been the history in Buffalo City Court that matters transferred under section 1805 to the regular part of court have always and in all respects been treated as a regular lawsuit from the requiring of a formal pleading upon the request of either party, through to the judgment, assessment of costs, disbursements, or interest, and the collection thereof. This distinction be *508 tween a transfer under section 1805 as opposed to section 1806 can be seen in dicta in MacCollam v Arlington (94 Misc 2d 692).
In this particular case, the court, from the inception of the case, treated this case as a normal lawsuit. On the first date the trial was scheduled, the defendant appeared and moved to quash subpoenas duces tecum on the basis that they were overly broad, defectively executed, and the matters which were sought would take at least two weeks to assemble. The subpoenas were quashed and the trial adjourned. At the same time, the court entertained a motion on the part of the plaintiff for discovery of certain documents concerning the incident that was the subject of this lawsuit. The court granted broad discovery rights to the plaintiff on her motion. On the second date for trial and prior thereto, the court entertained a motion by the defense for a protective order on its claim that many of the documents sought to be discovered by the plaintiff were privileged communications, or were otherwise undiscoverable. At that time, the defense also moved for a quashing of further subpoenas duces tecum on various grounds, and that matter was adjudicated. After a three-day jury trial wherein numerous motions for accelerated judgment were heard and adjudicated on both sides, the jury rendered a verdict for the plaintiff in the amount of $920. The court then entertained the motion on the part of the defense to set aside the verdict as excessive, and not supported by the weight of the credible evidence, which motion was heard and adjudicated; and the court at this time has heard and is now deciding the motion to disallow certain items of the taxation of costs from the final bill of costs.
In all respects, both parties have had the full benefits of all of the regular procedures of a regular trial term in Buffalo City Court. The irony is that the defendant, who paid a $65 fee in order to have a jury trial and thus have the matter transferred from small claims to the regular Trial Part, now seeks to take advantage of the language of section 1806 that the award of costs should have a monetary ceiling of $25.
It appears to this court that there is a conflict between the language of section 1806 and the clear intent of section 1805, for it is the judgment of this court that, had not there been a jury demand by the defendant, the court would have exercised its discretion to transfer this case to the regular part of City Court, and it is doubtful, therefore, that the language of *509 section 1806 would have ever come into play in the determination of final costs. The only authority which treats this matter is found in Dolin v Eck (61 Misc 2d 549). In that case, Utica City Court Judge Harold Hymes determined that $25 was the maximum cost that could be assessed upon the transfer of a small claim to the regular part of court under section 1806, where the defendant made a jury demand.
He does not indicate, however, whether that case would have been otherwise transferable, or should have been transferred, under section 1805. Therefore, that case is not only distinguishable, but is only persuasive authority inasmuch as it is a court of equal jurisdiction. It appears the last sentence of section 1806 was designed to assure a defendant who wishes to make a jury demand at a cost of $65, that he would not be further jeopardized as to the costs beyond a $25 ceiling. However, it is also clear that if the costs are proper, they should be awarded in a case which would be transferred under section 1805. The reason for this conclusion is that the reason a discretionary transfer is made is that the case was not properly a small clhims case in the first place, and should be handled in a normal and regular fashion. The mere fact that a jury demand is made (thus automatically transferring the small claim to a regular trial term) before the Judge has a chance to act under subdivision (a) of section 1805 of the Uniform City Court Act, should not prevent a plaintiff from receiving costs, in the same fashion as a regular case. After all, it is the Judge who has made the decision that this is, in all respects, a normal lawsuit, and not the defendant through his jury demand. Even though there was never a formal ruling on the record, that this case was to be treated as a regular suit under section 1805, the record is amply clear that court and both parties comported themselves as if it had been so ruled.
As to the individual requests for costs by the plaintiff, the court finds the following to be proper: interest in the amount of $120.20 under CPLR 5001; statutory costs of $55 under section 1901 and subdivision (a) of section 1902 of the Uniform City Court Act; further statutory costs of $13 under subdivisions (d) and (i) of section 1903 of the Uniform City Court Act. All other costs are not approved. Submit a new bill of costs in accordance with this decision.