OPINION OF THE COURT
Martin B. Klein, J.
The motion of plaintiff, Mutual Life Insurance Compány of New York, to remove and transfer to this court an action currently pending in the Small Claims Part and to consolidate the two is denied.
It is not disputed that both actions present common questions of law and fact. However, the relief sought by movant would tend to violate the policy underlying the creation of Small Claims Court, i.e., the expeditious and simplified *396 method of disposition of claims brought therein. Moreover, it would tend to circumvent the recently enacted statutory prohibition against the interposition of counterclaims in Small Claims Court in excess of the $1,000 jurisdictional limitation of that court. (CCA, § 1805, subd [b], eff June 7, 1979; L 1979, ch 77, § 2.)
In any event, the insurer has the right to contest defendant’s claim of total disability due to accident, to seek the return of payments allegedly received in error and to establish his ineligibility for further benefits under the policy, all in a separate action.
Both of the subject actions involve a total disability income policy issued by plaintiff to defendant, Joseph Cassiere, on June 16, 1965. The policy provides a monthly stipend in the event defendant sustains a total disability due to accident or sickness.
On or about October 3, 1977, plaintiff received a claim statement from defendant in which he alleged total disability due to an employment related back injury. Plaintiff commenced the payment of $200 each month to defendant under the policy but terminated payments after it conducted an independent medical examination of him.
On July 3, 1979, defendant in this action instituted an action in Small Claims Court seeking recovery of $700 for alleged breach of contract, consisting of failure to pay the full amount of a claim. Unable to interpose a counterclaim in excess of the $1,000 jurisdictional limitation of the small claims forum (CCA, § 1805, subd [b]), plaintiff subsequently commenced this action in the amount of $1,813.47 for recovery of alleged overpayment of policy benefits.
Plaintiff’s motion seeks to consolidate both cases in the daytime part of this court.
The only precedent cited by plaintiff is Smith v Monarch Life Ins. Co. (66 AD2d 482), which involved an attempt to remove a small claims action pending in the City Court of the City of Rochester to Supreme Court.
In that case, the insurer interposed a counterclaim exceeding the jurisdictional limit of Small Claims Court and then attempted to cause the action to be removed from that court on those grounds. The court to which transfer was sought granted the insurer’s application and thus the claimant was *397 deprived of his opportunity to litigate his claim in the small claims forum.
In his dissenting opinion, Mr. Justice Card amone asserted that he would deny the insurer’s application to transfer and alluded to the public policy underlying the creation of Small Claims Parts in courts throughout the State of New York and the limited res judicata effect of a small claims judgment (Smith v Monarch Life Ins. Co., supra, pp 484-486). This court believes that the reasoning set forth by Mr. Justice Cardamone in that case is consonant with the intent of the recent amendment to subdivision (b) of section 1805 of the New York City Civil Court Act, prohibiting interposition of counterclaims in excess of its jurisdictional limitation, thereby preventing a transfer of a small claims case out of that court. Plaintiff’s motion must be examined in light of that amendment which was enacted to correct the abuses of the preexisting counterclaim procedure in Small Claims Court. The granting of the relief sought in this motion would effectively circumvent the amendment by removing this case entirely from that court’s jurisdiction. (See, generally, Note, How To Defeat the Jurisdiction [and Purpose] of Small Claims Court for Only Fifteen Dollars, 44 Brooklyn L Rev 431, 511-512.)
Small Claims Parts were created to afford litigants a forum for the simple, expeditious and inexpensive resolution of small grievances without the need for retaining counsel (see Memorandum of Governor Carey, McKinney’s 1979 Session Laws of NY, p 1766). Legal niceties of procedure are dispensed with, litigants are permitted to appear after working hours and appeal from judgment is severely limited in scope and the rules of evidence may, with certain restrictions, be dispensed with (CCA, §§ 1804, 1807), with the result that most small claims judgments are virtually final.
Inasmuch as section 1808 of the New York City Civil Court Act restricts the res judicata effect of small claims judgments to the amount involved in the particular action and denies the same effect to any fact at issue or found therein in any other action or court (Stern v Hausberg, 22 AD2d 669; Levins v Bucholtz, 208 Misc 597, affd 2 AD2d 351), plaintiff cannot be heard to say that it would be substantially prejudiced by a denial of its motion.