OPINION OF THE COURT
James J. Brucia, J.
Motion by corporate plaintiff in Action No. 1 and the defendant in Action No. 2 to consolidate the small claims Action No. 2 now pending in the Second District, North *59 Bellmore Part, for trial with Action No. 1 in the Civil Part of this court is denied.
For this court to direct the removal of the small claims Action No. 2 from the Second District, North Bellmore Part, to the Fourth District, Hicksville Part, would ignore the intended purpose of the 1979 amendment of section 1805 in each of the four uniform acts, the New York City, the Uniform District, the Uniform City and the Uniform Justice Court Acts which amendment seeks to prevent divestiture of small claims jurisdiction by reason of a defendant’s interposition of a counterclaim or the commencement of separate litigation in excess of the small claims limit.
While the last sentence of subdivision (b) of section 1805 of the four uniform acts clarifies a defendant’s right to commence a separate action "in any court of competent jurisdiction” the recent amendment is silent about the power of the court in which the separate action is commenced to remove the small claim action in another part of the court, to itself for either consolidation or joint trial if the two actions have common questions of law and fact (the criteria set forth in the consolidation statute CPLR 602).
Professor Siegel’s commentary on the 1979 amendment restricting counterclaim jurisdiction under section 1805 of the New York City Civil Court Act (Siegel, Practice Commentary, McKinney’s Cons Laws of NY, Book 29A, CCA, § 1805, 1979-1980 Supplement, p 119) places this problem in proper perspective and urges that the removal power a court has under CPLR 602 (subd [b]) "should be exercised only when there is sufficient presumptive merit to the separate claim to make it appropriate and fair to delay the Small Claim now being taken along for the transfer ride * * * If it becomes the norm to grant such removals for the mere asking, the same problem which the 1979 amendment sought to resolve will reappear in different guise but with equal force.”
Accordingly, the motion to consolidate is denied.
If the defendant had commenced the separate action on its claim in the regular part of the court in which the small claim was initially brought, the court would be more inclined to consider if a consolidation or joint trial might not be warranted for the prompt expeditious disposition of pending small claim and civil litigation.