OPINION OF THE COURT
Martin B. Klein, J.
Plaintiff’s motion to remove and consolidate the matter of Hyman v Pepper (Civ Ct of City of NY, Bronx County, Small Claims Index No. 1776/81) with the above-captioned action in the daytime part of the Civil Court, County of Bronx, is denied.
For this court to direct the removal of the small claims action would ignore the intended purpose of the 1979 amendment of subdivision (b) of section 1805 of the New York City Civil Court Act (CCA) which seeks to prevent divestiture of small claims jurisdiction by reason of a defendant’s interposition of a counterclaim or the commencement of separate litigation in excess of the small claims limit. (Mutual Life Ins. Co. v Cassiere, 102 Misc 2d 395; see, also, dissenting opn of Justice Cardamons in Smith v Monarch Life Ins. Co., 66 AD2d 482, 484.)
*177 Although the daytime action was commenced by service of the summons and indorsed complaint approximately one week before commencement of the small claims action, removal to the daytime court, as plaintiff here urges, would only encourage a race to file actions in either Small Claims Court or the daytime court, depending on the tactical advantages sought by the party filing the first action.
While subdivision (b) of section 1805 of the CCA is silent on the subject of the power of the daytime court to remove the small claims action to itself for either consolidation or joint trial of an action pending there, if the two actions have common questions of law and fact, Professor Siegel’s recent commentary under section 1805 of the CCA places this problem in proper perspective by urging that the removal power “be exercised only when there is sufficient presumptive merit to the separate claim to make it appropriate and fair to delay the Small Claim now being taken along for the transfer ride.” (Supplementary Practice Commentary, McKinney’s Cons Laws of NY, Book 29A, 1979-1980 Pocket Part, CCA, § 1805, p 120; Knock-Out Carpentry Problems v Weiner, 103 Misc 2d 58.) The motion papers present no showing of presumptive merit to plaintiff’s separate claim so as to justify the relief sought herein.
Inasmuch as a preceding judgment in the small claims proceeding is res judicata only as to the amount involved in the particular action and not as to any fact at issue or finding of fact therein (CCA, § 1808), this would not be a problem for plaintiff.
Further, the Judge hearing the small claims proceeding may, in his discretion, stay execution of the small claims judgment pending a determination in the daytime action. This would obviate the possibility that the victorious small claims judgment creditor might obtain satisfaction of her judgment and then remove her assets from this jurisdiction prior to a determination in the daytime action. (See Wolin, How to Defeat the Jurisdiction [And Purpose] of Small Claims Court for Only Fifteen Dollars, 44 Brooklyn L Rev 431; Removal and Consolidation of Small Claims Proceedings — A New Race To The Courthouse?, The Advocate [Bronx County Bar Assn, 1980].)
Accordingly, the motion is denied.