OPINION OF THE COURT
David Goldstein, J.
The issue on this motion is whether an action brought in the regular daytime part of the Civil Court should be consolidated or tried jointly with a previously commenced small claims proceeding and, if so, what procedural rules should be applicable at trial.
On November 12, 1987, claimant, Corey Leiner, brought suit in Small Claims Court to recover $1,300 as a result of alleged defective services rendered by Victoria Kitchens, Inc. (Victoria). Thereafter, in December 1987, Victoria commenced an *557 action against Leiner in the regular part of court to recover $3,450 as the balance due and owing for work, labor, services and materials alleged to have been furnished to Leiner. This motion is to consolidate both actions upon the ground that there are common questions of law and fact.
Unquestionably, the court does have the power to direct removal and consolidation of a small claims action with a lawsuit pending in the daytime part of the court (CCA 1805 [b]; CPLR 602 [a]). At issue is whether it is appropriate to direct such a transfer here.
Prior to the 1979 amendment to the Civil Court Act, under CCA 1805, where a defendant interposed a counterclaim in excess of small claims jurisdiction, the entire case was transferred to the regular part of the court. Thus, it was held that the assertion of such a counterclaim which could result in such excess liability operated to divest small claims of jurisdiction (see, Smith v Monarch Life Ins. Co., 66 AD2d 482). The 1979 amendment to CCA 1805, now subdivision (c) thereof (L 1979, ch 77, § 1), precluded a defendant in a small claims action from interposing such a counterclaim. Governor Carey’s memorandum, upon approving the amendment on May 8, 1979, stated: "This will eliminate the need for a transfer of the entire action to the regular, more formal part of the court in such cases and end the practice of some defendants of filing a frivolous counterclaim in excess of the permitted jurisdictional amount thereby frustrating the purposes for which small claims courts were established. Of course defendants still retain the right to assert a counterclaim in other courts of competent jurisdiction.” (1979 McKinney’s Session Laws of NY, at 1766.)
Plainly, Small Claims Courts provide a most useful, inexpensive and informal forum for the just and expeditious resolution of disputes between persons who, more often than not, proceed without the aid of an attorney. This is accomplished through a simplified procedure in a relaxed atmosphere. The underlying purpose, which was to be fostered by eliminating counterclaims in excess of the monetary limit of the court, the Governor observed in his 1979 memorandum, was to "provide greater accessibility of our courts to all of our citizens.” (Op. cit, at 1766.)
Upon this basis, Professor Siegel’s 1979 Supplementary Practice Commentary to CCA 1805 justifiably opines that the court’s power of removal be sparingly exercised — "only when *558 there is sufficient presumptive merit to the separate claim to make it appropriate and fair to delay the Small Claim now being taken along for the transfer ride.” (Siegel, 1979 Supp Practice Commentary, McKinney’s Cons Laws of NY, Book 29A, Part 3, CCA 1805, 1988 Pocket Part, at 157.) As a result, the decisions rendered after the amendment have adhered to this standard in refusing to order removal and consolidation on a finding that such a direction would obviate the clearly expressed legislative purpose in terms of counterclaims (Fordham Rent A Car Corp. v Hyman, 109 Misc 2d 176; Knock-Out Carpentry Problems v Weiner, 103 Misc 2d 58; Mutual Life Ins. Co. v Cassiere, 102 Misc 2d 395).
The Legislature, in its wisdom, and rightly so, has concluded that small claims ought not be divested of jurisdiction by the injection of a counterclaim in excess of the small claims limit. To direct removal and consolidation under the circumstances would permit a defendant to circumvent the statute and accomplish indirectly that which cannot be done directly, namely, counterclaim in excess of the jurisdictional limit. By preserving the defendant’s right to proceed with his claim against the claimant "in any court of competent jurisdiction”, the Legislature has safeguarded the respective rights of the parties while, at the same time preserved the structure and integrity of the small claims procedure. (CCA 1805 [c].) This enables the court to properly function in adherence with the operative statutory standard "to do substantial justice between the parties according to the rules of substantive law” and under relaxed rules of practice, procedure, pleading and evidence. (CCA 1804.)
As a further protection, CCA 1808 provides that a small claims judgment "may be pleaded as res judicata only as to the amount involved in the particular action and shall not otherwise be deemed an adjudication of any fact at issue or found therein in any other action or court.” Thus, the general inapplicability of the alternate doctrines of res judicata and collateral estoppel to small claims determinations, except with respect to the amount, obviates any prejudice to the defendant by reason of his having to proceed with separate trials, and is a further factor which militates against consolidation, since defendant’s rights are fully protected (see, Hayden v L.I.L. Co., 116 Misc 2d 445, 451-453; Fordham Rent A Car v Hyman, supra, at 177).
All of this operates to establish small claims as the "People’s Court” — a readily available and convenient forum for the *559 simple, speedy and inexpensive disposition of grievances, with relaxed, informal procedures — a flexible approach, unrestricted by the complexities of formal legal practice, procedure and evidentiary rules.
On the other hand, the statute also takes cognizance of the existing power in a proper case to direct transfer of a small claims suit "to any other part of the court upon such terms as the rules may provide” (CCA 1805 [b]). This permits an appropriate balancing of the various factors bearing upon the transfer issue, including due consideration of the duplicative effort and expense of having to otherwise proceed with two separate trials, at times before two different Judges, in two different parts of the court. Such duplication is clearly time consuming and wasteful in terms of energy and resources, both to the litigants and the judiciary.
In passing upon the issue, the court has taken into account each of these competing factors. In my view, there ought to be some flexible accommodation to effect conservation and, at the same time, proceed in accordance with the underlying relaxed and informal procedure applicable to small claims practice. This is especially so where, as here, each of the claims is interposed as a defense to the other, albeit the papers submitted on this motion do not adequately present the relative merit of either claim.
In so considering the matter, I have taken into account the argument that the direction of a joint trial may result in some prejudice to the small claims claimant, who would thereby be deprived of the usual nighttime forum otherwise available to him on completion of his regular business day. This, however, is of minimal significance since such a claimant would be compelled, in any event, to appear in a regular Civil Part to answer the independent claim asserted by the small claims defendant, now a plaintiff in the Civil Court.
This same rationale applies in answer to the suggestion that transfer would unnecessarily delay final resolution of the small claims matter. In the first place, to avoid a race to judgment, the court, in its discretion, may stay execution of a small claims judgment pending disposition of the daytime action (Fordham Rent A Car v Hyman, supra). Secondly, the calendar practice prevalent in the Small Claims Court is not without imperfection, including some delay resulting from certain applications for adjournments and motions to excuse prior defaults.
*560 Consolidation or joint trial in all cases where there are common questions of law and fact would be inappropriate. Rather, the issue should be resolved on a case-by-case basis, depending upon the facts and circumstances presented. In terms of fairness, consolidation or joint trial should not prejudice the rights of the small claims claimant by imposing upon him the heavier burden in terms of the nature and degree of proof to make out a prima facie case. Also at issue is the applicability of the "substantial justice” standard of CCA 1804. Thus, it has been held that the removal of a small claims matter to the regular part of the court does not transform the claim into an ordinary case, subject to the intricate procedural rules and stricter standard applicable to the daytime parts (Javeline v Long Is. R. R., 106 Misc 2d 814, 816; MacCollam v Arlington, 94 Misc 2d 692, 694).
As a result, it became necessary for the court to consider whether, in the event the two actions were to be jointly tried, the order could be conditioned upon having the trial of the transferred small claims matter proceed under the more flexible procedure and standard, while, at the same time, avoid the possibility of inconsistent determinations. Directing that a different standard and rules apply to the small claims matter than that applicable to the Civil Court action would be impractical and, conceivably, could produce contradictory results. In my view, balancing these competing considerations, especially the fact that they are conflicting claims, one appearing as a defense to the other, there would be a salutory conservation of time and energy were the two actions to be heard together, before one Judge. This would further avoid potential inconsistent determinations, which could occur were the cases to be separately tried.
Therefore, in order to accord full protection to both parties and, especially the small claims claimant, who might otherwise be deprived of the more liberal small claims procedure, the order directing a joint trial should be conditioned upon Victoria’s stipulating and agreeing to have both actions tried in the regular parts of the court, under the more flexible procedural rules and "substantial justice” standard applicable to small claims, which would have controlled had the case proceeded to trial in the more usual nighttime forum. Although no express authority has been cited or found and, to that extent, the disposition is novel, I find this to be a rational accommodation of the various competing factors present here. In my view, the condition may be imposed, consistent with the *561 court’s inherent power under CPLR 602 (a) to condition consolidation or joint trial to effect the interests of justice and judicial economy (cf., Gordon v Lifschitz, 10 AD2d 669, resettlement denied 11 AD2d 938; Hershman v De Meo, 34 Misc 2d 1051).
The Clerk of Special Term, Part I, shall serve a copy of this decision upon the small claims claimant and upon the Clerk of small claims, so that the matter may be appropriately addressed on the adjourned trial date.