OPINION OF THE COURT
Daniel Palmieri, J.
The issue here is whether to consolidate a pending small *56 claims case for property damage with a pending Supreme Court case for personal injury, where both cases arise from the same accident, but the roles of plaintiff and defendant are reversed as to each pending case.
The motion of plaintiffs in action No. 1 to remove action No. 2, presently pending as a small claims case in Nassau District Court, and consolidate it with action No. 1 pending in this court, is denied.
Plaintiff Kitty Kilinski, while a passenger in a vehicle owned by her husband, Zenon Kilinski, was involved in an automobile accident on June 12, 1999, with a vehicle owned by defendant Robert R. Melendez and driven by codefendant, Robert Melendez.
Plaintiffs commenced action No. 1 on or about June 15, 1999 and that matter is pending in this court in a pretrial stage. Defendants have answered and interposed various defenses, but there is no counterclaim by Robert R. Melendez for any property damage.
Robert R. Melendez has instituted action No. 2 for property damage only, against Zenon Kilinski, the driver plaintiff in action No. 1, and that matter is apparently on the small claims’ calendar in District Court for October 5, 1999.
Absent a showing of prejudice to a substantial right the existence of common questions of law or fact justifies the grant of a motion for consolidation. (Lamboy v Inter Fence Co., 196 AD2d 705 [1st Dept 1993]) and mere delay has been held not to be a sufficient basis upon which to deny consolidation (Raboy v McCrory Corp., 210 AD2d 145 [1st Dept 1994]). However, a delay which would prevent a trial from taking place for “some time to come” has justified the denial of such a motion (Mulligan v Farmingdale Union Free School Dist. No. 22, 133 AD2d 617 [2d Dept 1987]) and where consolidation would delay a previously scheduled Civil Court arbitration, prejudice was found and consolidation denied. (Steuerman v Broughton, 123 AD2d 681 [2d Dept 1986].)
In Victoria Kitchens v Leiner (138 Misc 2d 556 [Civ Ct 1988]), where a small claims case was brought claiming defective workmanship by a contractor and the latter instituted a separate action in the Civil Part of the same court to recover amounts claimed for the same work, the court permitted consolidation on condition that the small claims action retain its identity and be prosecuted under the rules of the Small *57 Claims Part. The issue of delay was not a factor and not addressed in the Victoria Kitchens decision.
Here, the granting of the motion will cause substantial prejudicial delay to the plaintiff in the small claims action. Both cases were started at or about the same time and the small claims case is nearly ready for trial while the case in this court is in its very early stages, this motion being the first time the case has appeared in the court’s docket. A trial date is well beyond the court’s horizon.
More importantly, consolidation will frustrate the salutary purposes of Small Claims Courts which is to provide a simple, informal and inexpensive procedure for the prompt determination of claims within its jurisdiction. (UDCA 1802.)
The small claims procedure requires a showing of substantial justice, the manner of proving damages is simplified, strict rules of “practice, procedure, pleading or evidence are not required and discovery is not available as a right. (UDCA 1804.)
The granting of a consolidation or joint trial with a preservation of plaintiffs right to prosecute the action as if it were in Small Claims Court is not a solution here because plaintiff in the small claims action will still be subjected to prejudicial delay and thus deprived of a substantial right.
Moreover, a small claims judgment may be pleaded as res judicata only as to the amount involved in the particular action and is not deemed an adjudication of any fact at issue or found therein in any other action or court. (UDCA 1808.) As a result an adverse determination will not affect the rights of the plaintiffs in their personal injury action No. 1.
Plaintiffs in action No. 1 seek damages only for personal injuries and loss of services and will not be affected by the outcome of the small claims case, except perhaps as to property damage and in that regard, it appears from the papers submitted that a liability insurance carrier has interjected itself on behalf of the owner-driver of the vehicle in action No. 1.
For all of the foregoing reasons, the motion is denied.