OPINION OF THE COURT
Stephen K. Lindley, J.
When the defendant in a small claims case requests a jury trial, the case is transferred from the Small Claims Part of City Court to the regular part of the court. The question presented is whether the formal rules of evidence and procedure apply to the jury trial, or whether the informal and simplified *429 procedures governing small claims apply. For the reasons that follow, the court rules that the small claims procedures apply.
The relevant facts may be quickly stated. On March 25, 2002, plaintiff commenced this proceeding in Rochester City Court as a small claim under article 18 of the Uniform City Court Act. Plaintiff requested $1,500 for damages allegedly caused to his vehicle, a 1989 Chevrolet Cavalier, which had been involved in a collision with a vehicle owned by defendant Falk and operated by defendant Karahan.
Defendant Karahan retained an attorney who, in an affidavit sent to the clerk’s office, requested a jury trial. In accordance with UCCA 1806, the case was therefore transferred from the Small Claims Part of the court to the regular part of the court. Because the claim was for less than $6,000, the case was then subject to mandatory arbitration (see 22 NYCRR 28.2 [b]).
Following a hearing on June 25, 2002, the arbitrator dismissed the claim, finding no cause for action. Plaintiff appeared at the hearing pro se, as did both defendants. Plaintiff thereafter filed a demand for a trial de novo pursuant to 22 NYCRR 28.12, and the case was scheduled for a jury trial in this court on September 17, 2002.
Defendant Karahan was represented at trial by counsel, while plaintiff again appeared pro se. Defendant Falk did not appear at all. Plaintiff presented his case to the jury, calling himself and a police officer as witnesses. Over defendant’s objection, the court admitted into evidence two written estimates offered by plaintiff as proof of damages. One estimate was from Nu-Look’s Cristo Collision, in the amount of $1,811.65, the other from Fetzner Collision, Inc., for $2,029.43.
At the close of plaintiff’s proof, counsel for defendant moved for a directed verdict, arguing that the proof of damages was legally insufficient. Counsel contended that plaintiff was obligated to prove his damages by way of expert testimony or, in the alternative, by compliance with CPLR 4533-a, which permits an itemized bill or invoice to be admitted under circumstances not present here.
The court agreed with counsel that, if the formal rules of evidence apply, the written estimates are inadmissible on hearsay grounds. If, however, the informal and simplified procedures set forth in UCCA 1804 apply, the written estimates *430 are admissible.* The court reserved decision on defendant’s motion and continued with the trial.
After hearing testimony from defendant and closing arguments from plaintiff and counsel, the jury rendered a verdict in favor of plaintiff for $1,800. Counsel thereafter renewed his motion to dismiss the claim due to insufficient proof of damages, and the court now denies that motion.
Counsel cited no authority in support of his position. Indeed, all of the reported decisions hold that where, as here, the defendant requests a jury trial in a small claims action, the simplified rules governing small claims apply even though the trial is held in the regular part of the court (see MacCollam v Arlington, 94 Misc 2d 692 [Albany City Ct 1978]; Javeline v Long Is. R.R., 106 Misc 2d 814 [Civ Ct, Queens County 1981]; see also Victoria Kitchens v Leiner, 138 Misc 2d 556 [Civ Ct, Queens County 1988]; 73A NY Jur 2d, Jury § 38; Siegel, NY Prac § 582, at 970 [3d ed]; 7B Carmody-Wait 2d, NY Prac § 49:63).
As Judge Tobin stated in MacCollam v Arlington, this result is supported by UCCA 1806, which provides that, upon transfer of a small claim in response to the defendant’s request for a jury trial, the court “may require pleadings in such action as though it had been begun by the service of a summons.” “The permissive language,” Judge Tobin reasoned, “implies an intention to continue the informal nature of the proceeding following such transfer, unless the court directs otherwise” (MacCollam, 94 Misc 2d at 694).
Additionally, to hold otherwise would defeat the purpose of Small Claims Court, which is to afford claimants “an inexpensive and informal forum in which to settle legal claims in an expeditious manner” (Governor’s Mem approving L 1979, ch 79, 1979 McKinney’s Session Laws of NY, at 1766). If formal procedures and the rules of evidence were to apply, the claimant would have to hire an attorney, perhaps at a cost exceeding the amount of his claim, or proceed on his own and face the possible dismissal of his claim on procedural grounds. A person who commences a small claim should not be so burdened.
It is also important to note that the transfer of this case out of the Small Claims Part was pursuant to UCCA 1806, not *431 UCCA 1805 (b). The latter statute allows the court, in its discretion, to transfer a small claim to the regular part of the court even without a jury trial demand. A claim transferred under UCCA 1805 (b) is tried under “the usual practice and procedure applicable to other parts of the court.” A claim transferred under UCCA 1806, in contrast, is subject to the liberalized procedures applicable to small claims. This distinction is discussed in Hannon v Republic Steel Corp. (99 Misc 2d 506, 509 [Buffalo City Ct 1979]) and MacCollam v Arlington (94 Misc 2d at 694).
The court is aware that other judges in Rochester City Court may apply the formal rules of evidence to cases that have been transferred under UCCA 1806. In fact, counsel for defendant states that such was the procedure in his last two jury trials in City Court, in June and July of 2002, and that the judges dismissed the claims because the pro se plaintiffs failed to offer proof of damages in admissible form. This court respectfully disagrees with the decisions in those cases and declines to follow them.
Accordingly, defendant’s motion for a directed verdict is denied, as is her posttrial motion to set aside the jury’s verdict. Judgment is therefore entered against both defendants in the amount of $1,800, plus discretionary costs of $25, as authorized by UCCA 1806, as well as statutory costs.

 UCCA 1804 provides, in relevant part, that an “itemized bill or invoice, receipted or marked paid, or two itemized estimates for services or repairs, are admissible in evidence and are prima facie evidence of the reasonable value and necessity of such services and repairs.”