(53 Misc. Rep. 543)

KNOBLOCH v. TAUBE.

(Supreme Court, Appellate Term.    April 10, 1907.)

APPEAL—SETTLEMENT OF CASE ON APPEAL—TERM OF JUDGE—EXPIRATION—
POWERS OF SUCCESSOR.
    Code Civ. Proc. § 25, provides that an action shall not be discontinued by a vacancy or change in the judges, but must be continued, heard, and determined by the court as constituted at the time of the hearing or determination, and that after a judge is out of office he may settle a case or make any return of proceedings had before him while he was in office. Held that, where the justice before whom a case was tried subsequently resigned, a motion to resettle the case, so as to permit the insertion of an excluded exhibit, was improperly brought before a justice of the court, but should have been brought before the justice who tried the case.

Appeal from City Court of New York, Special Term.

Action by Samuel Knobloch against Abraham Taube.    Appeal by defendant from an order denying his motion for a resettlement of the case.    Affirmed.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and ERLANGER, JJ.

Abraham S. Weltfisch, for appellant.

Julius Miller, for respondent.

ERLANGER, J.    This action was brought to recover broker's commissions, and was tried before Mr. Justice Seabury and a jury.    During the course of the trial counsel for defendant offered in evidence a certain contract, alleged to have been made by the defendant and which had a certain bearing on the issue.    The document was excluded, whereupon counsel stated:

"There is an assignment on the contract to the effect that the same party assigned it to Mr. Rosenberg, and we want to show that in pursuance of that assignment we delivered the deed in question, which I think we have a perfect right to show."

Plaintiff's counsel objected on the ground—

"that, no matter what the contract shows, the deed in evidence, which is undisputed, shows that the property was sold to Mr. Rosenberg.
    "The Court:  I sustain the objection at this time and note your exception.
    "(Exception to defendant.)"

The contract was not marked for identification.    Judgment was entered for plaintiff, from which the defendant appealed.    In preparing the case on appeal the substance of the excluded agreement was set forth, but was stricken from the proposed case.    The trial justice resigned shortly before he assumed his duties as a justice of the Su-

preme Court, and a motion was made to resettle the case before a justice of the City Court sitting at chambers, who was a stranger to the proceeding. The motion was denied by him, and from the order entered on such denial this appeal was taken.

The proper course for the appellant to have pursued was to move before Mr. Justice Seabury for a resettlement, and upon denial of such application an appeal could have been taken to this court. The justice before whom the case was tried, though no longer a member of the City Court, has full power to resettle the case, and to permit the excluded exhibit to be inserted therein. Section 25, Code Civ. Proc.; Matter of Mayor, etc., 139 N. Y. 140–143, 34 N. E. 757.

The order must be affirmed, with costs, without prejudice to a renewal of the application before the justice before whom the action was tried. All concur.