In the Matter of FRANCIS W. EGAN, Appellant, against CARROLL E. MEALEY, Commissioner of Motor Vehicles of the State of New York, Respondent.

Third Department, November 11, 1942.

*Oscar J. Brown* for appellant.

*John J. Bennett, Jr., Attorney-General* (*Henry Epstein* and *Edward J. Gretchen* of counsel), for respondent.

HILL, P. J. This is an appeal from an order made in a proceeding brought under article 78 of the Civil Practice Act, denying petitioner's application for a direction requiring the Commissioner of Motor Vehicles to suspend, under the provisions of section 94-b of the Vehicle and Traffic Law (Cons. Laws, ch. 71), the operator's or chauffeur's license and all the registration certificates of Frank Guarasci.

James F. Hilley recovered a judgment against the petitioner Egan and Guarasci as joint tortfeasors for $732.99 for damages for personal injuries received under the following circumstances: Egan double parked a truck which he was operating on a street in the city of Ithaca. Guarasci, driving a car in the direction in which the truck was headed, turned out into the unoccupied portion of the street to pass the truck and struck and injured Hilley. The judgment was paid in full by Egan. Thereafter by motion on notice, as provided by section 211-a of the Civil Practice Act, a judgment for one-half the amount was entered in favor of Egan and against Guarasci. The latter's failure to pay the judgment is the basis of this proceeding.

Judgment was obtained against Egan and Guarasci judicially determined to be "for damages on account of personal injury * * * resulting from the ownership, maintenance, use or operation of a motor vehicle" (Vehicle and Traffic Law,

§ 94-b) by each of the parties. The fact that Egan has paid the entire judgment to the plaintiff and now seeks contribution from his co-defendant does not change the nature of the judgment. It is still for personal injuries occasioned in part by Guarasci's negligence. The motion to enforce contribution was but a step in the legal proceedings to enforce payment by him.

One of the purposes of section 94-b (Vehicle and Traffic Law) is to give aid to unfortunate people who are injured through the negligence of motor vehicle operators and owners. (*Matter of Jones* v. *Harnett,* 247 App. Div. 7; 11; affd., 271 N. Y. 626.) "The penalty which § 94-b imposes for injury due to careless driving is not for the protection of the creditor merely, but to enforce a public policy that irresponsible drivers shall not, with impunity, be allowed to injure their fellows. The scheme of the legislation would be frustrated if the reckless driver were permitted to escape its provisions by the simple expedient of voluntary bankruptcy * * *." (*Reitz* v. *Mealey,* 314 U. S. 33, 37.) A judgment debtor who is unable to pay a judgment or who is successful in concealing assets, is no more entitled to evade the provisions of the statute than one who becomes a voluntary bankrupt. The petitioner is entitled to the relief which he seeks.

The order should be reversed on the law and facts with ten dollars costs and disbursements, and the motion and application granted with fifty dollars costs.

CRAPSER, BLISS, HEFFERNAN and SCHENCK, JJ., concur.

Order reversed on the law and facts with ten dollars costs and disbursements and motion and application granted with fifty dollars costs.