Andrew V. Siracuse, J.
This is a proceeding pursuant to CPLR article 78 commenced by order to show cause to declare section 332 of the Vehicle and Traffic Law of the State of New York unconstitutional and, specifically, to reverse an order of the commissioner dated October 22, 1974, suspending the petitioner’s operator’s license and automobile registration by reason of his failure to pay a certain judgment for property damage arising out of the operation of his motor vehicle.
The date of the accident in question was August 6, 1971. Service was made upon the petitioner in the action which *225 ultimately resulted in judgment on the 21st day of March, 1974. Thereafter, a default judgment was taken against the petitioner on the 19th day of June, 1974, in the City Court of the City of Rochester. A copy of the judgment by default was sent to the petitioner by registered mail on August 22, 1974. The judgment, together with interest and costs, totals $718.91. Thereafter, an order of suspension dated October 22, 1974 to be effective October 25, 1974, was rendered by the commissioner and served upon petitioner.
Petitioner now contends that section 332 of the Vehicle and Traffic Law pursuant to which the suspension was made is unconstitutional in that it does not serve a legitimate governmental purpose in the regulation of vehicular traffic on highways in the State and further, procedurally, unlawful in that the sanctions provided for by the statute become operative without any requirement of a hearing before the commissioner.
Section 332 provides as follows:
"(a) The commissioner shall also suspend the operator’s or chauffeur’s license and any and all of the registration certificates and registration plates issued to any person upon receiving authenticated report as hereinafter provided that such person has failed for a period of fifteen days to satisfy any judgment in amounts and upon a cause of action as hereinafter stated.
"(b) The judgment herein referred to shall mean any judgment in excess of two hundred dollars for damages because of injury to or destruction of property, including loss of use thereof, or any judgment for damages, including damages for care and loss of services, because of bodily injury to or death of any person arising out of the ownership, maintenance, use or operation of any motor vehicle.
"(c) The commissioner shall take action as required in this section upon receiving proper evidence that any person in another state, the District of Columbia, any district court of the United States, or any province of Canada, has failed for a period of fifteen days to satisfy any judgment in amount as stated in section three hundred thirty-three and upon a cause of action as stated in this section.
"(d) Any person whose license, registration or non-resident’s driving privilege is subject to suspension hereunder, may be relieved from the effect of failure to satisfy such judgment, if such person files with the commissioner proper evidence that *226 a bond or insurance policy as provided for in this article was in force and effect at the time of the accident resulting in the judgment, and was available for the satisfaction of the judgment to the extent provided for in section three hundred thirty-three and that such judgment was so satisfied.”
In assessing the constitutional attack on section 332 it is important to understand that the statute is entitled to a strong presumption of regularity and validity as an enactment of the Legislature, presumably to remedy a problem of public safety arising out of vehicular trafile on State thoroughfares. (See, e.g., Matter of Van Berkel v Power, 16 NY2d 37, 40; Paterson v University of State of N. Y., 14 NY2d 432, 438.) This particular section has under its predecessor designation (§ 94-b) been held constitutional by the United States Supreme Court in Reitz v Mealey (314 US 33). There the rationale was that it was not unreasonable to enforce a public policy that irresponsible drivers shall not, with impunity, be permitted to injure others using the highway, without responding in compensation or damages. As stated in Matter of Egan v Mealey (265 App Div 44, 46): " ’The penalty which § 94-b imposes for injury due to careless driving is not for the protection of the creditor merely, but to enforce a public policy that irresponsible drivers shall not, with impunity, be allowed to injure their fellows. The scheme of the legislation would be frustrated if the reckless driver were permitted to escape its provisions by the simple expedient of voluntary bankruptcy’ * * * A judgment debtor who is unable to pay a judgment or who is successful in concealing assets, is no more entitled to evade the provisions of the statute than one who becomes a voluntary bankrupt.”
The constitutional argument made by the petitioner is based principally on Bell v Burson (402 US 535), and Perez v Campbell (402 US 637). It is the view of this court, however, that neither case is in point and both are distinguishable from the instant fact pattern.
Bell v Burson (supra) is inapposite in that there the Georgia Motor Vehicle Safety Responsibility Act was struck down by reason of the fact that a suspension was possible where the defendant failed to post an undertaking on a claim of damage by an injured person. The Georgia law did not require a final judgment. Perez v Campbell (supra) is similarly not in point. Perez dealt with the Arizona act which provided for a suspension without a hearing upon failure to satisfy a judgment *227 arising out of the operation or use of a motor vehicle. There the defendant obtained a discharge in bankruptcy and thereafter applied for the reissuance of his license and registration. The court in Perez held only that section 17 of the Bankruptcy Act could not be supervened by State law. The failure of the State to reissue the license on application after a discharge in bankruptcy could not be sustained by reason of the constitutional supremacy of Federal law. The court did not hold, as contended by petitioner, that statutes, like section 332 of the Vehicle and Traffic Law, which provide for suspensions without a hearing for failure to satisfy judgments arising out of the operation or use of a motor vehicle, were unlawful on their face on facts not involving bankruptcy situations.
It should further be noted that although petitioner is correct in indicating that he did not obtain a hearing before the commissioner prior to the suspension of his registration and license, he is not correct in contending that he did not have an opportunity to question before a court or administrative tribunal the propriety of the judgment against him. This was a judgment by default. The petitioner could have answered and appeared after service of the complaint upon him and contested fully the questions of negligence and liability underlying the entry of the default judgment against him. For whatever reason he chose not to do so. In so doing he forfeited his right to a hearing on the merits. (See, e.g., Almeida v Lucey, 372 F Supp 109; Wright v Malloy, 373 F Supp 1011.)
This court is not unsympathetic to the basic claims made herein on behalf of the petitioner that the provision of the Vehicle and Traffic Law and the power of the commissioner are being used primarily to provide another arrow to the quiver of the attorney seeking to perfect creditors’ rights rather than insuring the safe operation of motor vehicles on the highways of the State. However, this court will not substitute its judgment for the wisdom of the Legislature. It is this court’s conclusion that the weight of judicial authority supports the position of the Legislature in favor of section 332 of the Vehicle and Traffic Law and the balance struck therein as between the rights of the individual driver and the yalue of his license and registration as opposed to the public interest in highway safety and the right of the injured party to be compensated.
Finally, this court would note that it does not deem this a proper case for class action disposition in any event on the *228 authority of Bey v Hentel (36 NY2d 747, 749), and Ray v Marine Midland Grace Trust Co. (35 NY2d 147).
Accordingly, the petition is dismissed.