OPINION OF THE COURT
Sebastian Leone, J.
In this CPLR article 78 proceeding, petitioner seeks, inter alia, to declare section 332 of the Vehicle and Traffic Law as unconstitutional, to vacate the order of respondent suspending petitioner’s driver’s license, and poor person relief.
The relevant facts are not in dispute. Petitioner has been a licensed driver for many years and earned his income as a truck driver. Earlier this year he was stopped for a traffic check in New Jersey. At that time he was informed that he was driving with a suspended license. Subsequent thereto petitioner inquired to find out the reason for said suspension. He was informed that on May 14, 1979 a default judgment, based on substituted service, had been entered against him in Civil Court, Queens County, for property damage arising from an alleged accident that occurred on November 3, 1976,* and that the judgment remained unsatisfied. Upon notice to respondent of the unsatisfied judgment, respondent under the authority of subdivision (a) of section 330 and section 332 of the Vehicle and Traffic Law, issued order No. E907056, suspending petitioner’s license. The notice of suspension as well as the summons in the underlying Civil Court action were both mailed on separate occasions to petitioner at an address from which he had since moved at the time said documents were mailed and to which notice of such moving had been given to respondent. As a result of the suspension of petitioner’s license, petitioner has lost his source of income.
Petitioner’s present financial status warrants the granting of poor person relief.
As to the merits of the case, the petitioner has failed to overcome the strong presumption of constitutionality of an enacted statute. Accordingly the court will not declare section 332 of the Vehicle and Traffic Law unconstitutional. However, the present procedures of respondent to enforce section 332 of the Vehicle and Traffic Law warrant a partial granting of the relief sought in the petition.
*993 Petitioner contends that he was entitled to notice prior to the issuance of any order of suspension. Respondent contends that he had no discretion under section 332 of the Vehicle and Traffic Law and is mandated to suspend the license of a judgment debtor who has failed to satisfy same.
While respondent is correct in his contention that he has no discretion in suspending the license of a judgment debtor, said penalty of suspension should not be imposed without a prior hearing in conformity with fundamental due process. In a matter of such seriousness as suspension of driver’s license which is the source of petitioner’s income, petitioner is entitled to at least minimal due process guarantees prior to the administrative action (see Goldberg v Kelly, 397 US 254). This includes the right to be heard (supra, p 267), a hearing at a meaningful time and in a meaningful manner (supra, p 267), the right to counsel (supra, p 270), and the right to cross-examine his accusers (supra, p 269). Petitioner should have been provided with such a fundamental due process hearing prior to suspension. After the hearing, there would however only be two adjudications respondent could render, suspend petitioner’s license if the judgment is valid and unsatisfied, or not suspend the license if the judgment were satisfied and/or invalid. Section 332 of the Vehicle and Traffic Law leaves no other option to respondent.
The three principal cases relied upon by respondent are clearly distinguishable from the instant proceeding. In Matter of Merced v Fisher (83 Misc 2d 757), the petitioner therein was personally served in the civil action and chose to default. The same was true in Matter of Ellis v New York State Comr. of Motor Vehicles (83 Misc 2d 224, 225). Both petitioners therein waived their respective rights to a hearing by allowing the default. In Conroy v Melton (53 AD2d 679), the case dealt with section 318 of the Vehicle and Traffic Law which deals with financial security. The license suspension therein was based upon a failure to maintain insurance coverage. Where the financial security of the public is endangered by a lack of insurance coverage, postsuspension hearings may be compatible with due process. The same can be said where the physical safety of the public is imperiled (see Vehicle and Traffic Law, § 510). But where, as in the instant proceeding, the principle thrust of the suspension is to aid the collection of a judgment, postsuspension hearings are not compatible with due process. *994 Fundamental due process requires the hearing be presuspension under these circumstances.
Petitioner also contends that the only way respondent will restore petitioner’s license at present is under three circumstances and that these three circumstances are arbitrary since they are oppressively restrictive. The three circumstances are (a) proof that the judgment was satisfied, (b) proof of a payment schedule to satisfy judgment, or, (c) an order of the judgment court vacating the judgment and either time to appeal vacatur has expired or stipulation of no appeal. The court finds these circumstances arbitrary in that there is no provision for the posting of an undertaking pending appeal.
Accordingly, based upon the foregoing the petition is granted to the following extent: (a) poor person relief is granted; (b) order No. E907056 of respondent dated July 5, 1979 suspending petitioner’s driver’s license and registration is vacated; (c) respondent is directed to restore petitioner’s driver’s license and registration forthwith; (d) respondent shall provide petitioner with a hearing in conformity with the instant decision within 60 days after service of a copy of the judgment to be settled herein with notice of entry thereof upon respondent’s counsel; and (e) that in the event the money judgment at issue is vacated and the plaintiff therein appeals, petitioner’s license not be suspended if an undertaking is posted.

 It should be noted that based on the papers before this court the default judgment was entered more than one year after the summons was alleged to be served and under CPLR 3215 (subd [c]) the judgment should not have been granted.