OPINION OF THE COURT
James J. Brucia, J.
Plaintiff commenced a small claims action against defendant, a publically owned domestic corporation, for money damages allegedly resulting from failure to turn on electrical service after payment was made by the plaintiff. The defendant appeared and has asserted a counterclaim for money damages in an amount within the monetary jurisdiction of the Small Claims Court.
The issue presented on this motion prior to trial is whether article 18 of the Uniform District Court Act (UDCA) prohibits a corporate defendant from interposing a counterclaim. This court rules that a corporate defendant may not interpose a counterclaim in the Small Claims Part of this court. Accordingly, the small claims action without a counterclaim shall appear on the Trial Calendar for December 14, 1982.
The District Court by virtue of section 1809 of the UDCA is without subject matter jurisdiction to entertain any counterclaims interposed by corporate defendants. In accordance with the language of section 1809 this court concludes that a corporation may not interpose any claim, *446 counterclaim, or implead a third party in a small claims action. Furthermore, when a corporate defendant files a claim in the Civil Part of the District Court, this court will exercise restraint in allowing consolidation of the small claims action with the civil action despite the existence of common questions of fact and law. (CPLR 602, subd [b].) The basis of any decision with reference to Small Claims Court should be consistent with the purposes espoused by the Small Claims Act (UDCA, art 18): to permit an individual an opportunity to litigate the matter personally with the least possible delay or expense. (Siegel, New York Practice, ch 21.)
The practice and procedure in the Small Claims Part of District Court differs from that used in other courts notwithstanding any other provisions of law to the contrary. The procedures as prescribed in article 18 of the UDCA constitute a simple, informal procedure for the prompt determination of disputes. (1 Carmody-Wait 2d, NY Prac, § 2:121, p 139.) Section 1804 of the UDCA dispenses with the formal procedures of litigation although the substantive law of New York is applied. The purpose of article 18 of the UDCA is to permit a method by which minor claims and grievances may be handled without requiring parties to resort to the use of counsel. (Buonomo v Stalker, 40 AD2d 733.) The frequent appearance of counsel and the tendency to prolong trials of small claims is to be discouraged. (Liberman v American Lumbermans Mut. Cas. Co., 203 Misc 816.)
Under ordinary circumstances when a claimant commences a small claims action it is with the expectation that his claim will be resolved without resort to use of counsel. By allowing a corporate defendant to counterclaim, a pro se claimant is faced with defending himself against a corporation and its legal resources. It would be impracticable for the claimant to proceed on his claims without counsel when faced with such a corporate counterclaim. The actual result is that a small claims claimant is deterred from bringing suit against a corporation for fear of possibly having to hire an attorney to defend himself against a counterclaim.
*447 Small Claims Court was created for the private citizen who does not have an attorney and cannot afford to get involved in a long drawn-out confrontation. Hence, any vigorous attempt by a corporate defendant to remove the . small claims nature of the action and require the claimant to engage an attorney should be discouraged. Defending a counterclaim against a corporate defendant with legal representation requires determination and skill that most laymen cannot muster.
By dismissing the corporate counterclaim against the plaintiff, the court is maintaining the plaintiff’s expectations that the Small Claims Court is the forum for the simple administration of justice without necessity of attorneys and the myriad of legal devices available to thwart swift resolution of the small claim. An example of how the underlying policy of Small Claims Court is eroded by allowing a corporate counterclaim is defendant LILCO’s letter dated July 9, 1982 to claimant Hayden: “It is not normally LILCO’s policy to sue existing customers for amounts due, but where a customer sues LILCO, we feel it is advisable to bring any counterclaims to the court’s attention so that all claims on both sides can be settled together. Should you decide to not press your lawsuit against LILCO at this time, LILCO will not file the counterclaim” This passage manifests a degree of coercion and prejudice that will result when a pro se claimant is faced with defending a claim against corporate attorneys.
In addition to the foregoing small claims policy arguments, there exist statutory grounds for prohibiting a corporation to interpose a counterclaim in a small claims action. Reference is made herein to section 1809 of the UDCA:
“§ 1809. Procedures relating to corporations, insurers and assignees
“1. No corporation, except a municipal corporation, public benefit corporation or school district wholly or partially within the municipal corporate limit, and no assignees of any small claim shall institute an action or proceeding under this article, nor shall this article apply to any claim or cause of action brought by an insurer in its own name or *448 in the name of its insured whether before or after payment to the insured on the policy.
“2. A corporation may appear in the defense of any small claim action brought pursuant to this article by a natural person who is a shareholder who owns not less than one-third of the issued shares of voting stock of such corporation or, in the case of a corporation having no more than ten holders of issued shares of voting stock, all of whom are natural persons, an officer of such corporation.”
The important issue raised by this section is whether a counterclaim is an “action”. In accordance with the language of section 1809 of the UDCA, it is this court’s position that a corporation may not interpose any action in Small Claims Court. A counterclaim is defined in CPLR 3019 (subd [a]) as “any cause of action in favor of one or more defendants”. CPLR 3019 (subd [d]) provides that a counterclaim is to be treated as if it were in a complaint. Following the counterclaim definition in CPLR 3019 (subd [a]) if a corporation may not interpose a complaint, it therefore should be prohibited from asserting a counterclaim. Notwithstanding the section 1809 prohibition, when a counterclaim is treated as if it were in a complaint it cannot be used to subordinate the devices and procedural advantages of the original plaintiff. When the counterclaim will prejudice the plaintiff’s case or impede proper distribution of litigation, the court may sever the counterclaim and order a separate trial. (CPLR 407, 603.)
A claimant will certainly be prejudiced and impeded in the adjudication of his claim should the corporate counterclaim be interposed in a small claims action. The prejudice may manifest itself by virtue of the fact that only a single judgment will be entered for the difference between the amounts awarded to each party. That judgment would be based on the counterclaim argued and posed by a corporate attorney against a pro se claimant. An alternative to ordering a separate trial may be to hold the counterclaim in abeyance pending the outcome of the main action. Notwithstanding the presence of the parties before the court, a dismissal with the inconvenience of commencing a new action is preferred over a severance of the action and joint trials. The rationale again is that the effect of a joint *449 trial is a judgment for which a pro se claimant had to defend himself on a counterclaim posed and argued by a corporation through its attorneys.
The UDCA refers to counterclaims in subdivision (a) of section 208. This section clarifies the fact that any claim which might be subject of an initial action in the court may be interposed as a counterclaim. This section clearly eliminates a corporate counterclaim since a corporate claim may not be subject of ah initial action in the court. It is interesting to note a recent decision by this court permitting the defendant corporation to interpose a counterclaim in Small Claims Court was premised on interpretation of subdivision (b) of section 1805 of the UDCA. In Cano v L.I.L.C.O. (113 Misc 2d 411) the court held that the only restriction on a corporate counterclaim is that the counterclaim be within the court’s monetary jurisdiction.
Subdivision (b) of section 1805 of the UDCA states: “(b) No counterclaim shall be permitted in a small claims action, unless the court would have had monetary jurisdiction over the counterclaim if it had been filed as a small claim. Any other claim sought to be maintained against the claimant may be filed in any court of competent jurisdiction.”
However, it is this court’s interpretation that the language “if it had been filed as a small claim” expressly presupposes that the counterclaim could be filed as a small claim. That being a prerequisite to satisfying the monetary jurisdiction referred to in subdivision (b) of section 1805 of the UDCA. Thus, this section alone is insufficient indication of legislative intent to allow corporations to' counterclaim in Small Claims Court.
The situation that existed before the 1979 amendments of section 1805 of the UDCA best illustrates the procedural maneuvering which may be employed by corporate defendants with counterclaims. (UDCA, § 1805.) Before the amendments, a defendant by interposing the counterclaim in excess of the monetary jurisdiction of the Small Claims Part could have the entire case transferred to the regular part of the court. This provision permitted the filing of frivolous counterclaims in excess of the monetary jurisdiction in order to have the entire case removed, effectively *450 frustrating the purpose of the Small Claims Court system. Subdivision (b) of section 1805 of the UDCA presently forbids any counterclaims unless in the monetary jurisdiction of the Small Claims Part. All other counterclaims may be filed in the appropriate forum. (UDCA, § 1805, subd [b], as amd by L 1979, ch 77, § 3.)
These policy considerations were adopted in Mutual Life Ins. Co. of N. Y. v Cassiere (102 Misc 2d 395). Here, a motion was denied to move and transfer to the City Court an action pending in the Small Claims Part and then consolidation of the two actions, notwithstanding common questions of fact and law. This consolidation would have defeated the policy underlying all Small Claims Court provisions. In Fordham Rent A Car Corp. v Hyman (109 Misc 2d 176) the plaintiff tried to circumvent the subdivision (b) of section 1805 prohibition of counterclaims in excess of the small claims monetary jurisdiction by instead commencing a claim in the regular part of the court and then moving to remove the small claims action to the regular part. This court has decided that by bringing an action in the regular part of District Court in lieu of the small claims counterclaim the corporate plaintiff may not then move pursuant to CPLR 602 and have the cases joined due to common questions of law and fact. (Knock-Out Carpentry Problems v Weiner, 103 Misc 2d 58.) In each of these cases, the court denied a motion for consolidation, even when there were common questions of law and fact.
Based on the foregoing legislative intent of subdivision (b) of section 1805 of the UDCA and the cited cases, caution is necessary when a corporation decides not to interpose a counterclaim against a small claims claimant but rather to commence an action in the regular Civil Part of the court. The public policy considerations underlying the Small Claims Court procedure and case law, require that any motion to consolidate the small claims action with the regular action should be denied.
It has already been established the policy that a corporation may not implead a third party in a small claims action. In Pour v Gibralter Transmissions (96 Misc 2d 232) the court noted (pp 232-233) that:
*451 “[c]orporate status carries with it restrictions as well as immunities * * *
“At the risk of multiplicity of actions counterbalanced against what is deemed to be the underlying philosophy of the Small Claims Part, the issue presented [allowing a corporation to implead a third party] is answered in the negative.”
It has been argued that an Appellate Term case appealing an order of the District Court of Nassau County Small Claims Court presupposed the ability of a corporate defendant’s right to implead a third party. (Zeitlen v Merrick Bay Park, 56 Misc 2d 1039 [App Term, 2d Dept].) Furthermore, in Breen v Cohen Auto Co. (75 Misc 2d 927) the court reviewed a request by a corporate defendant to adjourn the small claims made in order to implead another party as a third-party defendant. Judge Donovan found the attempted impleader by the corporate defendant in proper form. But, the court relied on section 1802 of the UDCA to determine that the simplified process of small claims was frustrated by the adjournment request. It is argued that this decision indicates by implication that a corporate defendant may implead a third-party defendant upon compliance with other relevant UDCA procedures.
These cases however, may be distinguished from Pour v Gibralter (supra), by virtue of the fact that the issues before the court were requests for adjournments; the impleader issue was incidental dicta. While the court in Pour v Gibralter held that corporate defendants may not implead in small claims, the underlying rationale for that result appears relevant with respect to corporate counterclaims. It is this court’s view that a corporation ought not be permitted to do something indirectly which it is not permitted to do directly, i.e., bring a claim in Small Claims Court (UDCA, § 1809, subd 1).
Therefore, in view of the policy and holdings of this court in prohibiting a corporation from impleading a third party as well as the underlying policy of Small Claims Court, it appears that a corporate defendant should be barred from interposing any counterclaims in Small Claims Court.
A final issue to be addressed, is the well-settled doctrine of law that a judgment acts to bar a subsequent action *452 raising the same cause of action. Thus, it may be argued that failure to allow a corporate defendant to counterclaim in a small claims action will result in forfeiture of its claim by operation of the res judicata doctrine. While it is true that when a defendant’s claim has a relationship to plaintiff’s claim, the defendant must consider the res judicata doctrine, the argument is without application in this situation.
The doctrine of res judicata operates in a second action between parties to bar matters actually put in issue in the prior action as well as issues which “might have been so litigated ”. (Schuylkill Fuel Corp. v B. & C. Nieberg Realty Corp., 250 NY 304, 306.) The key is in the phrase “might have been so litigated”. Since it is the contention of this court that it is without jurisdiction to entertain any corporate counterclaim in a small claims action, any issues therein could not have been raised or litigated.
The Small Claims Court Act does address the res judicata doctrine by severely limiting its effect. Section 1808 of the UDCA states: “A judgment obtained under this article may be pleaded as res judicata only as to the amount involved in the particular action and shall not otherwise be deemed an adjudication of any fact at issue or found therein in any other action or court.”
This section does not preclude a corporate defendant from suing the small claims claimant in a separate action despite a small claims judgment in favor of the claimant since the small claims action is an adjudication as to the amount, not of any facts at issue. The substance of the interest and rights established in the small claims action will not be impaired or destroyed by the adjudication of the counterclaim in the regular part of the District Court. Thus, the doctrine of res judicata is not a viable argument for interpreting subdivision (a) of section 208 and section 1809 of the UDCA to allow a corporation to counterclaim in a small claims action.
Finally, the prohibition of a corporate counterclaim may create a problem for the corporate defendant who has a legitimate counterclaim particularly in the situation where a plaintiff may be “judgment-proof”. In such a situation a defendant could theoretically pay to the plain *453 tiff a judgment on plaintiff’s claim, then go to trial on his own separate action in the regular District Court, win a judgment and find he is unable to collect on this judgment — even from moneys he recently paid to satisfy the plaintiff’s judgment. The remedy for the defendant is to seek a stay of execution of the plaintiff’s judgment while his action is pending. Also available to the corporate defendant is section 1810 of the UDCA permitting the clerk to restrict the availability of Small Claims Courts’ procedures upon the finding that they will be used for harassment. This may be applied against plaintiff abusers of the small claims procedure.
Based on the foregoing statutory and case law analysis it is this court’s opinion that dismissing any counterclaim interposed by the corporate defendant in the small claims action is consistent with the legislative purpose of small claims procedure in maintaining the claimants’ expectations of access to a judgment forum at a low cost and free from cumbersome evidentiary requirements. The legislative. purpose in creating a Small Claims Court was to provide for the speedy and simple disposition of legal disputes.
Furthermore section 1809 of the UDCA expressly prohibits a corporation from interposing any claim in the Small Claims Part of District Court. A corporation ought not be permitted to file a claim indirectly in the form of a counterclaim to circumvent this statutory provision. It has been and should continue to be the policy of this court to interpret section 1809 of the UDCA as prohibiting interposition of any claim by a corporation in Small Claims Court regardless of the procedural form the claim may adopt.