OPINION OF THE COURT
John D. Capilli, J.
The plaintiff has moved by motion to this court for an order dismissing the defendant’s counterclaim. Said motion is hereby granted without prejudice to the defendant’s right to commence a separate action thereon.
A primary action was commenced by the plaintiff, Robert E. Manson, in the Small Claims Part of this court on January 4, 1983 to recover for property damage to his motor vehicle. The defendant, Anthony J. Picara, served an answer denying the allegations set forth in the plaintiff’s small claims summons and, at the same time, interposed a counterclaim to recover $1,251.82 for property damage sustained to his automobile.
It is the contention of the plaintiff, with which this court concurs, that the defendant, Anthony J. Picara, has subrogated all his rights, claims and causes of action to his insurance carrier and therefore has no standing to interpose this counterclaim. The plaintiff’s reply affirmation alleges that the counterclaim is not maintainable in a small claims action as it is barred by subdivision 1 of section 1809 of the UDCA.
Subdivision 1 of section 1809 of the UDCA provides: “No corporation * * * and no assignees of any small claim shall *75 institute an action or proceeding under this article, nor shall this article apply to any claim or cause of action brought by an insurer in its own name or in the name of its insured whether before or after payment to the insured on the policy.” (Emphasis supplied.)
By reading the above statute, it is evident that the small claims forum is unavailable to a corporation and is likewise unavailable to insurers who come as plaintiffs.
The question which must be resolved by this court is whether or not a corporate insurer can interpose a counterclaim either in its own corporate capacity or in the name of its insured.
A close reading of the statute, subdivision 1 of section 1809 of the UDCA, requires an answer in the negative.
It should be noted that the named defendant is Anthony J. Ficara, an individual. However, since the plaintiff has alleged, without contradiction by defendant, that this claim is actually a subrogation action brought by Utica Mutual Insurance Company, the carrier for defendant, the party in interest on the counterclaim would appear to be Utica Mutual Insurance Company, a corporate entity.
Small Claims implements a simplified procedure which was designed for individual claimants and may not be circumvented by the interposing of third-party claims by a corporation (Pour v Gibraltar Transmissions, 96 Misc 2d 232; Hayden v L.I.L. Co., 116 Misc 2d 445). Practice and procedure in the Small Claims Part differs from the practice and procedure used in other courts, notwithstanding any provision of law to the contrary and constitutes a simple, informal and inexpensive procedure for the prompt determination of disputes between the litigants. (1 Carmody-Wait 2d, NY Prac, § 2:121.) Therefore, in order to effectuate and achieve the underlying philosophy of the Small Claims Court, the defendant herein cannot be permitted to interpose its counterclaim.
In so holding, this court adopts the reasoning which was employed by the Honorable James J. Brucia in the case of Hayden v L.I.L. Co. (supra, p 447), “the court is maintaining the plaintiff’s expectations that the Small Claims Court is the forum for the simple administration of justice *76 without necessity of attorneys and a myriad of legal devices available to thwart swift resolution of the small claim.” While the court in Hayden v L.I.L. Co. (supra), held that a corporate defendant may not interpose a counterclaim in the Small Claims Court per se, the underlying rationale is also relevant in the case at bar. It is this court’s view that a corporate defendant or insurer ought not to be permitted to do something indirectly which it is not permitted to do directly, to wit: bring a claim in small claims, especially when the statute so clearly states the limitation (UDCA, § 1809, subd 1).
Subdivision 1 of section 1809 of the UDCA as it relates to corporate defendants specifically bars a subrogated insurer from using the Small Claims Part of this court by suing in the name of its insured. From an examination of the submitted papers, it rightly appears that the insured (the named defendant, Anthony J. Ficara) has been reimbursed for his loss by the insurer pursuant to an insurance policy issued by the Utica Mutual Insurance Company and the insurer corporation then became subrogated to the rights of the insured. Hence, the insurer, Utica Mutual Insurance Company, is the real beneficiary of the recovery, and the Small Claims Part is not available to it as a forum. (Siegel, Practice Commentary, McKinney’s Cons Laws of NY, Book 29A, UDCA, § 1809, 1982-1983 Pocket Part, p 209.) Thus, this counterclaim is not maintainable under the aforementioned principles and policies of the UDCA.
Dismissal of the defendant’s counterclaim without prejudice to renew in the proper forum is a remedy which continues to maintain the policy of the Small Claims Court as well as the implementation of fairness to all the parties.
Res judicata does not preclude the insurer (Utica Mutual Insurance Company) from suing the plaintiff, Robert E. Manson, in a separate cause of action despite a possible small claims judgment in favor of the plaintiff and a common question of law and fact. Section 1808 of the UDCA limits the effect of the res judicata doctrine “to the amount involved in the particular action and shall not otherwise be deemed an adjudication of any fact at issue or found therein in any other action or court.”