OPINION OF THE COURT
Memorandum.
Judgment unanimously affirmed, without costs.
The court below properly permitted the corporate defendant to interpose a counterclaim in this small claims action (see, Bovasso v Anchor S. Shore Oldsmobile, NYLJ, July 3, 1984, at 12, col 3 [App Term, 9th & 10th Jud Dists]). As this court stated: *520 “[n] either the applicable statute (see, UDCA 1809 [1]) nor policy considerations preclude the interposition in a small claims action of a corporate defendant counterclaim falling within the court’s monetary jurisdiction (see, UDCA 1805 [d]) which is related to the main claim and not overly complex, such as involved herein” (supra; see also, Collins v Hayes Motor Sales, NYLJ, Sept. 6, 1983, at 14, col 1 [App Term, 9th & 10th Jud Dists]; Cano v L.I.L.C.O., 113 Misc 2d 411). To the extent that the cases of Hayden v L.I.L. Co. (116 Misc 2d 445) and Manson v Ficara (118 Misc 2d 74) are to the contrary, we decline to follow these. Moreover, there is no basis upon this record to disturb the award of $1,575 to defendant on its counterclaim, which the court properly offset against the award of $1,600 in favor of plaintiff on its claim.
DiPaola, P. J., Collins and Ingrassia, JJ., concur.