**Tammy DUPAUL, et al, Plaintiffs,**

v.

**Richard JACKSON, Defendant.**

**No. 98–CV–6100.**

United States District Court,
W.D. New York.

June 16, 1998.

Geraldine H. DuPaul, Sodus Point, NY, pro se.

Tammy DuPaul, Sodus Point, NY, pro se.

Kenneth W. DuPaul, Sodus Point, NY, pro se.

Emil J. Bove, Office of New York State Attorney General, Rochester, NY, for Richard Jackson, Com'r of NYS Dept. of Motor Vehicles, defendant.

## DECISION and ORDER

SIRAGUSA, District Judge.

Defendant, Richard Jackson, Commissioner of the New York State Department of Motor Vehicles, through his attorney, Assistant Attorney General Emil J. Bové, has filed a motion [document # 5] for dismissal under Federal Rules of Civil Procedure § 12(b)(6). Plaintiffs have filed no written response, but at oral argument of their motion for a preliminary injunction [document # 2] on May 21, 1998, plaintiff, Kenneth DuPaul, responded orally to the points raised in the defendant's motion. For the reasons stated below, the Court grants defendant's motion and deny's plaintiffs' motion for a preliminary injunction

and lifts the previously imposed temporary restraining order.

## BACKGROUND

The plaintiffs, Geraldine H. DuPaul, Tammy DuPaul, and Kenneth W. DuPaul, seek to have a portion of the New York State Vehicle and Traffic Law § 332 declared unconstitutional. Jurisdiction in this case is based on a federal question. The DuPauls allege that § 332, which permits the Commissioner of Motor Vehicles to suspend the license and registration of drivers who have an unsatisfied small claims judgment against them, is unconstitutional. They argue six distinct claims:

(1) Small claims actions are simplified and informal, lacking proper rules of pleadings and a lower burden of proof;

(2) Small claims actions are not bound by consolidated laws and rules, even when there is another action pending in another court;

(3) Small claims actions have no *res judicata* effect;

(4) It is a requirement that one party to a small claims action not be represented by an attorney;

(5) The Court does not inform you that you run the risk of losing your driving and registration privileges; and

(6) Small Claims Court practices are fraught with abuse and malfeasance.

In addition, the plaintiffs raise an equal protection claim in that persons convicted of alcohol related offenses are permitted to have restricted licenses, but not persons in situations similar to the DuPauls'. They are seeking by their motion a preliminary injunction to enjoin defendant from enforcing § 332 against them pending the outcome of their federal suit. Some factual background is necessary to understand their claim.

According to the papers before the Court and information presented at oral argument, plaintiff Kenneth DuPaul was operating a 1993 Saturn at 10:40 p.m. on September 14, 1994 on Joseph Avenue in Rochester, New York, when he attempted to make a left turn on to Pardee Street, and struck a 1990 Chevrolet stake truck owned and operated by

Peter F. Iascone. The Saturn was registered to Tammy DuPaul, but owned by Geraldine DuPaul at the time of the collision. Bankers and Shippers Insurance Company disclaimed coverage on Mr. Iascone's claim against them in a letter dated October 22, 1994. The insurance company's letter stated that the policy had been canceled on March 10, 1994, which was prior to the date of the accident of September 14, 1994.

In July of 1995, Peter F. Iascone brought a small claims action in the Town of Sodus Point Justice Court against the plaintiffs for property damage from the accident. The Justice Court issued a judgment on behalf of Peter F. Iascone on September 28, 1995. All three plaintiffs appealed the Order and Judgement of that court to the Wayne County Court which reversed the Justice Court judgment on March 20, 1996 and remanded the case for another hearing. After a second hearing on the case, the Town Justice Court awarded a judgment in favor of Peter F. Iascone against all three plaintiffs in the amount of one thousand thirty-eight dollars and thirty-five cents ($1,038.35), costs of one hundred thirteen dollars and fifty-six cents ($113.56) for a total of one thousand fifty-one dollars and ninety-one cents ($1,051.91). The DuPaul's again appealed, but never perfected the record and their appeal was eventually dismissed by Judge Sirkin, Acting Supreme Court Justice, on October 16, 1997.

Notice of Judgment was issued by the Town of Sodus Justice Court for one thousand fifty-one dollars and ninety-one cents ($1,051.91) on July 31, 1996. On or about October 1, 1996, Peter F. Iascone, the judgement creditor, filed a supporting affirmation with the New York State Department of Motor Vehicles, Insurance Services Bureau. In the affirmation he alleged that all three plaintiffs were judgment debtors, that they had appealed the judgement, that the time to appeal the judgment had expired and that no appeals were pending and that one thousand three hundred seventy-five dollars and eighty-five cents ($1,375.85) was due and owing. Based upon the affirmation, the Commissioner of Motor Vehicles suspended the license and registration of plaintiffs Geraldine DuPaul, Kenneth DuPaul, and Tammy DuPaul. The Order of Suspension or Revocation, issued on November 30, 1996, stated that the license and registration of each of the plaintiffs was suspended "until judgment in favor of Peter F. Iascone is satisfied, vacated, stayed or the Court authorizes installment payments." State of New York, Department of Motor Vehicles, Order of Suspension or Revocation (November 30, 1996) (attached as Exhibit J to Emil J. Bové. Jr., Esq. Affirmation in Opposition to Plaintiffs' Motion for Preliminary Injunction [document # 5] ).

## DISCUSSION

In order to prevail on their motion for a preliminary injunction [document # 4], plaintiffs must demonstrate: "(1) either a likelihood that [they] will succeed on the merits of [their] claim, or that the merits present serious questions for litigation and the balance of hardships tips decidedly towards the plaintiff[s]; and (2) that without the injunction, [they] will likely suffer irreparable harm before the Court can rule upon [their] claim." *Fisher–Price, Inc. v. Well–Made Toy Mfg. Corp.*, 25 F.3d 119, 122 (2d Cir.1994). Plaintiff's claim in this action is that irreparable financial harm will occur to them if they are not allowed to operate a motor vehicle pending this Court's determination of the constitutionality of Vehicle and Traffic Law § 332. In the case of *Truly v. Wanzer*, 46 U.S. 141, 142–43, 5 How. 141, 12 L.Ed. 88 (1847) the Supreme Court stated,

there is no power, the exercise of which is more delicate, which requires greater caution, deliberation, and sound discretion, or more dangerous in a doubtful case, then the issuing of an injunction. It is the strong-arm of equity, that never ought to be extended, unless to cases of great injury, where courts of law cannot afford an adequate and commensurate remedy in damages. The right must be averted only by the protecting preventive process of injunction.

In the case at bar, plaintiffs have argued that the failure to allow them to operate a motor vehicle will result in their being unable to obtain gainful employment. This argument is not persuasive in the case of plaintiff

Kenneth DuPaul as his license and/or registration are currently suspended for other reasons in addition to the § 332 suspension. In the case of plaintiff Geraldine DuPaul, no showing has been made of how her employment opportunities have been limited by the suspension. During oral argument before the Court, it appeared that plaintiff Tammy DuPaul was the only party to this suit who claims irreparable injury from her inability to drive to and from work. Although arguments were made that public transportation does not exist in the area in which the Du-Pauls reside, there was no showing that other means of transportation could not be found. Moreover, insofar as the suspension orders appear to authorize removal of the suspension upon Court authorized installment payments on the judgment, or the granting of a stay, it appears none of the plaintiffs would be able to show the irreparable harm necessary for a preliminary injunction.

Even if the plaintiffs had been able to show irreparable harm, they would be unable to demonstrate either a likelihood of success on the merits or sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in their favor. *Coca-Cola Co. v. Tropicana Products, Inc.,* 690 F.2d 312, 314–15 (2d Cir.1982) In 1941, the United States Supreme Court reviewed the predecessor to § 322 when it took up *Reitz v. Mealey,* 314 U.S. 33, 62 S.Ct. 24, 86 L.Ed. 21 (1941). The Court found § 94–b of the New York State Vehicle and Traffic Law constitutional. Section 94–b provided for the "suspension of the operator's license and registration certificate of any person if a judgment against him for injury to person or property resulting from the operation of a motor car be not paid within 15 days, upon certification of the judgment, its finality, and non-payment, to the Commissioner by the County Clerk. It directs the Commissioner to suspend the license for three years unless, in the mean time, the judgment is satisfied or discharged, except by a discharge in bankruptcy." *Reitz,* 314 U.S. at 35. The statute also provided for the expiration of the suspension after three years or satisfaction of the judgment and, by an amendment

in 1936, allowed the creditor to consent in writing that the debtor may be permitted a license and registration for six months. *Id.*

The present statute, § 332, reads in pertinent part, as follows:

§ 332. Proof required in the event of certain judgments

(a) The Commissioner shall also suspend the operator's or chauffeur's license and any and all of the registration certificates and registration plates issued to any person upon receiving authenticated report as hereinafter provided that such person has failed for a period of fifteen days to satisfy any judgment in amounts and upon a cause of action as hereinafter stated.

(b) The judgment herein referred to shall mean any judgment in excess of one thousand dollars for damages because of injury to or destruction of property, including loss of use thereof, or any judgment for damages, including damages for care and loss of services, because of bodily injury to or death of any person arising out of the ownership, maintenance, use or operation of any motor vehicle...

(d) Any person whose license, registration or non-resident's driving privilege is subject to suspension hereunder, may be relieved from the effect of failure to satisfy such judgment, if such person files with the commissioner proper evidence that a bond or insurance policy as provided for in this article was in force and effect at the time of the accident resulting in the judgment, and was available for the satisfaction of the judgment to the extent provided for in section three hundred thirty-three and that such judgment was so satisfied.

In construing § 94–b, the Supreme Court found,

[a]ny appropriate means adopted by the States to insure competence and care on the part of its licensees and to protect others using the highway is consonant with due process.

*Reitz,* 314 U.S. at 36. The Court found the statute was enacted to enforce the financial responsibility of drivers. The same purpose is given to § 332. *Cusenz v. State Farm Mut. Auto. Ins. Co.,* 98 A.D.2d 986, 470

N.Y.S.2d 236 (4th Dept.1983). The statute appears to be a reasonable exercise of the state's authority over the drivers on New York's roads.

Though the United States Supreme Court did not fully address the due process concerns raised here by the DuPauls, the New York Supreme Court in Kings County did in its decision, *In re: Application of Johnson v. Melton,* 100 Misc.2d 991, 420 N.Y.S.2d 473 (1979). There a truck driver learned from a traffic stop in New Jersey that his license had been suspended by New York pursuant to § 332 based on a default judgment using substituted service. Though the plaintiff urged the court to find § 332 unconstitutional, it did not do so. Rather, the court ordered a minimal due process hearing to be conducted prior to the suspension decision. Unlike *Johnson,* plaintiffs in the instant case appear to have had a hearing sufficient to satisfy procedural due process.

·The Supreme Court in *Goldberg v. Kelly,* 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970), found that welfare benefits could not be terminated without a pre-termination evidentiary hearing. The Court was persuaded to require a pre-termination hearing because it found that, "termination of aid pending resolution of a controversy over eligibility may deprive an eligible recipient of the very means by which to live while he waits." *Id.,* at 264. The Court did recognize several situations in which public harm outweighed private interests, and held that in those cases a post-termination hearing would be sufficient. *Id.,* at 263, n. 10. Suspension of drivers licenses is not among the items in that list. Assuming that the DuPauls' interests in their licenses and registrations required a *pre*-termination hearing, the Court will examine the requirements of such a hearing in light of the Supreme Court's decision in *Goldberg* and *Bell v. Burson,* 402 U.S. 535, 542, 91 S.Ct. 1586, 1591, 29 L.Ed.2d 90 (1971).

The Supreme Court decided that a pre-termination hearing regarding welfare benefits, "need not take the form of a judicial or quasi-judicial trial." *Goldberg v. Kelly,* 397

U.S. at 266. The Court held that the " 'fundamental requisite of due process of law is the opportunity to be heard'.... 'The hearing must be at a meaningful time and in a meaningful manner.' " *Id.,* at 267 (citations omitted). In addition, the Court held that "[i]n almost every setting where important decisions turn on questions of fact, due process requires an opportunity to confront and cross-examine adverse witnesses." *Id.,* at 269 (citations omitted). "Finally, ·the decisionmaker's [*sic.*] conclusion as to a recipient's eligibility must rest solely on the legal rules and evidence adduced at the hearing.... And, of course, an impartial decision maker is essential." *Goldberg,* 397 U.S. at 271 (citations omitted).

In *Bell v. Burson,* 402 U.S. 535, 542, 91 S.Ct. 1586, 1591, 29 L.Ed.2d 90 (1971), the Supreme Court held, in an action ·concerning Georgia's Motor Vehicle Safety Responsibility Act, that the only process due to the holder of a driver's license prior to its suspension was to afford him or her a "forum for the determination of the question whether there is a reasonable possibility of a judgment being rendered against him as a result of the accident." All the elements of procedural due process appear to have been met in the case at bar.

Though small claims proceedings are informal, they are conducted after notice of the claim, allow for the confrontation and cross-examination of witnesses and are heard by an impartial decision maker. Those requirements could have been[1] met here in the small claims hearings afforded to the DuPauls and the claimant, Paul Iascone. The differing positions of the drivers could have been presented to the small claims court, along with the testimony of the witness identified in the police report. *See* Affirmation in Opposition [document # 5], Exhibit A. In this case a hearing was held on September 5, 1995 and another on July 9, 1996. *See* Affirmation in Opposition [document # 5], Exhibit D. Notice of the earlier hearing was mailed on August 12, 1995 (more than 23 days prior to the hearing) and it appears from the record that the second hearing was mutually set

---

1. The Court is without the benefit of a record of the small claims hearings as plaintiffs never per-

fected a record for appeal and presented no record in this suit either.

at July 9, 1996, by consent of all the parties. Affirmation in Opposition [document # 5], at Exhibit D. The judgment issued by the small claims court on July 31, 1996, contains language warning the judgment debtor that the judgment creditor can use many means to enforce the judgment, including, "[s]uspension of motor vehicle license and registration, if claim is based on defendant's ownership or operation of motor vehicle. . . ." Affirmation in Opposition [document # 5], at Exhibit H (Notice of Small Claims Judgment).

 The Court therefore finds as a matter of law that a small claims hearing is sufficient to constitute the required procedural due process hearing relating to the suspension of licenses and registrations. Plaintiffs' attempts to distinguish *Reitz v. Mealey,* 314 U.S. 33, 62 S.Ct. 24, 86 L.Ed. 21 (1941), based on the requirement of the former statute that the judgment be certified as final and the three-year limitation of the suspension are inapposite. As the Supreme Court held in *Bell,* a full judicial review of the case is unnecessary to protect the individual driver's and owner's interests as against the state's interest in ensuring the financial responsibility of drivers. Further, by the time the orders of suspension were entered by the Department of Motor Vehicles, plaintiffs had been heard twice by the small claims court. Although plaintiffs attempted to appeal the second judgment, they did not perfect the record on appeal as ordered by the appellate court. Though they ascribe their deficiency to the suspension order, they failed to show that no other means were available to transport them to the small claims court to settle the record pursuant to CPLR 5525.

Plaintiffs' reliance on *Butler v. Ungerleider,* 101 F.Supp. 379 (E.D.N.Y.1951), *aff'd.* 199 F.2d 709 (2nd Cir.1952) is misplaced. That case dealt with the effect of a prior federal court default judgment being devitalized by a subsequent judgment in the same court and involved application of a provision in Fed.R.Civ.P. 60(b). Plaintiff Kenneth W. DuPaul acknowledged during oral argument that he lost in small claims court; therefore,

in the eyes of the state, he is obligated to pay the small claims judgment. Mr. Iascone did not obtain a default judgment[2] against plaintiffs. Plaintiffs have made no showing that they attempted to stay the execution of the small claims judgment, or move for an injunction, in Supreme Court. *See Forest Hills Gardens Corp. v. Baroth,* 147 Misc.2d 404, 406–07, 555 N.Y.S.2d 1000 (1990) (small claims proceedings stayed pending hearing on order to show cause in Supreme Court). Moreover, plaintiffs have not shown they attempted to make a cross-claim in the small claims action against Mr. Iascone. Uniform Justice Court Act § 1804(c). Unlike a corporate defendant, plaintiffs would not have been barred from imposing a counter-claim within the monetary limits of the small claims court's jurisdiction. *Cf. Hayden v. L.I.L.C.O.,* 116 Misc.2d 445, 455 N.Y.S.2d 715 (N.Y.Dist.Ct.1982) (corporate defendant not permitted to bring counter-claim). To the extent plaintiffs rely on *Hayden* to argue that small claims court cannot adjudicate factual issues, the case is distinguishable. *Res judicata* did not apply in *Hayden* because, the court held, the defendant there was not permitted, by the small claims court's limited jurisdiction, to bring a counter-claim. In addition, however, Professor David D. Siegel noted in his Practice Commentaries to McKinney's New York Uniform Justice Court Act § 1808 (1995),

> A recent appellate decision reaffirms the point that while the language of § 1808 indicates that res judicata does not apply in the small claims court, what the provision means is that the doctrine of collateral estoppel, or "issue preclusion," is the inapplicable one. Res judicata in the strict sense of "claims preclusion" does apply. *Omara v. Polise,* 163 Misc.2d 989, 625 N.Y.S.2d 403 (1995).

Thus, had Mr. Iascone lost his small claims action, he would have been precluded from bringing another suit on the same claim in another court.

Plaintiffs also claim that Town Justice Lebbert's recusal prior to the settlement of

---

**2.** Even in the case of a default judgment, one New York court has found § 332 constitutional. *See Ellis v. N.Y.S. Comm. of Mot. Veh.,* 83 Misc.2d 224, 372 N.Y.S.2d 134 (1975) (petitioner in an Article 78 proceeding forfeited his right to a hearing on the merits when he defaulted).

the record on appeal renders the small claims judgment void; yet, submit no authority on this point, nor is the Court aware of any through its own research. Since the details of the recusal are not part of the record before the Court, it is not possible to determine whether that fact would prevent the original small claims town justice from hearing the motion to settle the transcript. The Court notes that New York law provides for even retired judges to be called out of retirement to settle a transcript. New York Judiciary Law § 7-a. In any event, without a full record, the Court cannot address plaintiffs' contention that the small claims court lost jurisdiction and the judgment previously rendered is now void. Plaintiffs also fail to show in this record that they made any attempt to comply with CPLR 5525. Even if Town Justice Lebbert had denied plaintiffs' application to settle the record before him, plaintiffs could have appealed that denial. *Knobloch v. Taube*, 53 Misc. 543, 103 N.Y.S. 713, 714 (1907). In addition, plaintiffs could have resorted to an action under CPLR Article 78. Thus, the Court finds as a matter of law that on the record before the Court, plaintiffs have failed to prove the small claims judgment was void.

During oral argument, plaintiff Kenneth DuPaul complained that Mr. Iascone used the § 332 suspension after judgment in small claims court to interfere with plaintiffs' regular civil action by making it impossible for plaintiffs to get to the courthouse. However, plaintiffs commenced their suit prior to the small claims actions; nevertheless, they have made no showing of any attempt by them to obtain an injunction to enjoin the small claims action pending the outcome of their civil action. The Court has considered plaintiffs' remaining claims and finds them to be without merit.

Since plaintiffs have not shown they are likely to prevail on the merits of the complaint as required for a preliminary injunction, the Court will grant defendant's motion for an order denying plaintiffs' motion for a preliminary injunction. By separate order, the Court will establish a schedule for discovery and a pretrial conference. It is therefore,

ORDERED that the temporary restraining order issued by the Court in its order [document # 4] entered on April 1, 1998, is removed and defendant may utilize the provisions of New York Vehicle and Traffic Law § 332 against plaintiffs; and it is further

ORDERED that defendant's motion is granted to the extent that plaintiffs' motion for a preliminary injunction is denied; and it is further

ORDERED that defendant's motion to dismiss the complaint is denied.

IT IS SO ORDERED.