John W. Sweeny, J.
This is an application in the form of an article 78 proceeding which in essence attacks the constitutionality of the provisions of subdivisions 2, 3, 5 and 13 of section 318 of the Vehicle and Traffic Law.
Petitioner alleges that he was operating a tractor to plow snow from the driveway of his private property, in an area immediately adjacent to a public highway. He further alleges *751 that an automobile owned by a third party and being operated on said public highway went out of control, traveled across the shoulder of the roadway onto the edge of petitioner’s property and collided with petitioner’s tractor. It is finally alleged that petitioner’s tractor was driven by the force of the impact out onto the public highway where it came to rest.
The police officer who subsequently investigated the incident and whose report is based for the most part on his conversations with one or both of the drivers, indicates that petitioner’s tractor "was plowing the snow from his driveway south in the northbound lane of Route 32”. Both drivers were cited for violations of the Vehicle and Traffic Law. Petitioner pleaded guilty to driving an unregistered vehicle (Vehicle and Traffic Law, § 401, subd 1, par [a]).
Approximately two months after this occurrence, the respondent commissioner summarily revoked petitioner’s registration and driver’s license "pursuant to § 318 of the Vehicle and Trafile Law”. Petitioner’s counsel was advised thereafter by letter that the respondent relied on the conclusions contained in the unverified police report as the basis for the revocation of petitioner’s license and that petitioner was not entitled to a hearing.
Paragraph (a) of subdivision 2 of section 318 provides that the respondent commissioner " upon receipt of evidence that the owner of a motor vehicle * * * has operated, or permitted such motor vehicle to be operated upon the public highways * * * while proof of financial security was not in effect * * * shall revoke the registration, if any, of the vehicle and the driver’s license, if any, of such owner” (emphasis supplied).
Subdivision 13 of said section provides that no revocation order shall be issued if the commissioner shall determine that: "(a) * * * the person involved was not aware that financial security was not in effect and the failure to have such financial security in effect was caused solely by the negligence or malfeasance of a person other than such person.”
Paragraph (b) of subdivision 13 of this section provides that the commissioner shall determine the issue of such lack of knowledge on the basis of "affidavits or at a hearing called in the discretion of the commissioner” (emphasis supplied).
It is apparent from the scheme of the various subdivisions of section 318 that the only time a licensee might be entitled to a hearing before the revocation of his registration and/or license for a violation of this statute is if he first raises this *752 issue of lack of knowledge and the commissioner then exercises his discretion to call a hearing. Any other threshold issue raised, even the basic jurisdictional issue of whether the statute is operative in a given situation, as in this case with respect to whether the petitioner’s vehicle was in fact being operated on the public highway (cf. Matter of Fontaine v Hults, 41 Misc 2d 312 with respect to the issue of actual ownership and permissive use) may not form the basis for a prerevocation, or even a postrevocation hearing under the provisions of this enactment. The commissioner is vested with the broadest authority under paragraph (a) of subdivision 2 thereof to revoke both registration and license "upon receipt of evidence”, which evidence may conceivably bé the rankest of hearsay.
The Court of Appeals declined to decide the constitutionality of the hearing provisions of section 318 in Matter of Brumfield v Tofany (31 NY2d 928) because of "the posture” in which that case came to the court.
In the instant proceeding it is undisputed that petitioner depends on his driver’s license to earn a livelihood and it is clear that the general administrative policy of respondent is not to grant a prerevocation hearing in situations such as this one. Respondent routinely relies on unsworn evidence to support his issuance of mandatory revocation notices. In effect a licensee is forced to seek a postrevocation hearing in the context of a judicial review pursuant to CPLR article 78.
Since continued possession of a driver’s license, as in petitioner’s case, may be essential in the pursuit of a citizen’s livelihood, suspension or revocation thereof involves State action that adjudicates important interests of the licensees. For this reason "licenses are not to be taken away without that procedural due process required by the Fourteenth Amendment” (Bell v Burson, 402 US 535, 539).
It appears evident that to interpret paragraph (a) of subdivision 2 and subdivisions 3 and 5 of this enactment as authorizing summary revocation of a driver’s license on the basis of unverified hearsay evidence without providing the benefit of a prior hearing is violative of a licensee’s right to due process. It is clearly contrary to the dictates of the U. S. Supreme Court’s decision in Bell v Burson (supra, p 542), where the court, in considering a statute where suspension of a driver’s license was at issue, held that except in emergency situations (of *753 which this is not one), "due process requires that when a State seeks to terminate an interest such as that here involved, it must afford 'notice and opportunity for hearing appropriate to the nature of the case’ before the termination becomes effective”.
Accordingly, this court declares that any construction of subdivisions 2, 3 and 5 of section 318 of the Vehicle and Traffic Law which concludes that the respondent commissioner may revoke a driver’s license prior to his receipt of evidence at an administrative hearing is unconstitutional.
Petitioner’s application is therefore granted to the extent that the court hereby declares null and void respondent’s revocation of petitioner’s driver’s license without prejudice to respondent’s right to conduct an administrative hearing, on notice to petitioner, at which he should receive evidence regarding the alleged violation of section 318 of the enactment.