## (June 28, 1976)

■ PETER N. BERTUCCI, on Behalf of Himself as a Shareholder of Odysseys Unlimited, Inc., and on Behalf of All Other Shareholders Similarly Situated, Appellant, v SEYMOUR NEWTON et al., Respondents, et al., Defendants.—In a shareholder's derivative action grounded upon an alleged conversion of corporate funds, plaintiff appeals from an order of the Supreme Court, Nassau County, dated February 9, 1976, which, *inter alia,* vacated a prior order of attachment against the respondents Newton. Order reversed, on the law and the facts and in the exercise of discretion, with $50 costs and disbursements, and order of attachment reinstated. Plaintiff is directed to proceed forthwith to an immediate trial, and, upon his failure so to do, leave is hereby granted to respondents to seek vacatur of the order of attachment upon such ground. In our opinion plaintiff has made a sufficient showing in the underlying conversion action to warrant issuance of an order of attachment pursuant to CPLR 6201 (subd 8). Accordingly, the vacatur of the order of attachment was improper (see CPLR 6212; *Zenith Bathing Pavilion v Fair Oaks S. S. Corp.,* 240 NY 307; *AMF Inc. v Algo Distrs.,* 48 AD2d 352; *Stines v Hertz Corp.,* 22 AD2d 823, affd 16 NY2d 605). However, we further believe that, given the harsh nature of this particular remedy, the interests of justice require an immediate trial. Hopkins, Acting P. J., Martuscello, Cohalan, Rabin and Shapiro, JJ., concur.

■ EDWARD P. CONROY, Respondent, v JAMES P. MELTON, as Commissioner of the Department of Motor Vehicles of the State of New York, Appellant.—In a proceeding pursuant to CPLR article 78 to review appellant's cancellation of petitioner's (1) New York State driver's license and (2) tractor registration, the appeal is from a judgment of the Supreme Court, Orange County, dated June 23, 1975, which (1) declared null and void appellant's revocation of the petitioner's driver's license, without prejudice to appellant's right to conduct an administrative hearing on notice to petitioner, and (2) declared that it is unconstitutional for appellant to revoke a driver's license pursuant to subdivisions 2, 3 and 5 of section 318 of the Vehicle and Traffic Law without first affording the licensee an opportunity for a hearing. Appeal dismissed as moot, without costs or disbursements. The order of revocation was rescinded upon a showing that the vehicle involved in the accident was actually insured. Were we not dismissing this appeal, we would reverse the judgment on the merits and would hold that the subject subdivisions of the statute in question are constitutional. A driver has two opportunities to protect his license. In the first instance, if he is cited for failing to have the required policy of insurance, he can refute the accusation on the return day by producing evidence thereof, as was the case herein. Secondly, if served with notice of revocation, he may, as noted by Cooke, J., in *Matter of Horodner v Fisher* (38 NY2d 680, 685) "seek a stay and, by way of an article 78 proceeding (CPLR 7803, subd 3), challenge the action taken." These alternatives appear to furnish safeguards sufficient to protect a driver against an unconstitutional deprivation of due process. *Bell v Burson* (402 US 535) is inapposite on the facts of this case. Martuscello, Acting P. J., Cohalan, Damiani, Shapiro and Titone, JJ., concur. [82 Misc 2d 750.]