■ In the Matter of MICHAEL COLON, Appellant, v ANTHONY J. ANNUCCI, Acting Commissioner, New York State Department of Corrections and Community Supervision, Respondent. [57 NYS3d 512]—

In a proceeding pursuant to CPLR article 78 in the nature of mandamus to compel the respondent, Anthony J. Annucci, Acting Commissioner of the New York State Department of Corrections and Community Supervision, inter alia, to release the petitioner from the Fishkill Correctional Facility, the petitioner appeals from (1) a judgment of the Supreme Court, Dutchess County (James V. Brands, J.), dated August 13, 2015, which dismissed the petition as academic, and (2) an amended order of the same court dated May 12, 2016, which denied his motion for leave to renew the petition.

Ordered that the judgment and the amended order are affirmed, without costs or disbursements.

"It is a fundamental principle of our jurisprudence that the power of a court to declare the law only arises out of, and is

limited to, determining the rights of persons which are actually controverted in a particular case pending before the tribunal" (*Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 713 [1980]). "Courts are generally prohibited from issuing advisory opinions or ruling on hypothetical inquiries . . . . Thus, an appeal is moot unless an adjudication of the merits will result in immediate and practical consequences to the parties" (*Coleman v Daines*, 19 NY3d 1087, 1090 [2012] [citations omitted]; *Matter of New York State Commn. on Jud. Conduct v Rubenstein*, 23 NY3d 570, 576 [2014]; *see Matter of Hearst Corp. v Clyne*, 50 NY2d at 714.).

The Supreme Court properly concluded that the subject petition had been rendered academic by the petitioner's release from Fishkill Correctional Facility, as the petitioner had received the ultimate relief he was seeking and any ruling on the petition would have no immediate and practical consequences to the petitioner. Moreover, the court did not improvidently exercise its discretion in declining to invoke an exception to the mootness doctrine to consider the merits of the petition (*see Matter of Hearst Corp. v Clyne*, 50 NY2d at 714-715). Significantly, as demonstrated by the petitioner's submissions, the broader issues raised in the petition are not evading judicial review, but are in fact being litigated in other cases at the Supreme Court.

In addition, the Supreme Court properly denied the petitioner's motion for leave to renew the petition. In support of his motion, the petitioner failed to submit new facts not previously offered that would change the prior determination on the petition (*see* CPLR 2221 [e]; *Brann v City of New York*, 96 AD2d 923, 924 [1983]). Leventhal, J.P., Hall, Hinds-Radix and Brathwaite Nelson, JJ., concur.