Matter of Priciliyana C. (Jacklyn L.) (2018 NY Slip Op 05927)





Matter of Priciliyana C. (Jacklyn L.)


2018 NY Slip Op 05927


Decided on August 29, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 29, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
SANDRA L. SGROI
JOSEPH J. MALTESE, JJ.


2017-03817
 (Docket Nos. N-2367-16, N-2368-16, N-2369-16, N-2370-16, N-2371-16, N-2372-16, N-2373-16, N-2374-16, N-2375-16)

[*1]In the Matter of Priciliyana C. (Anonymous). Orange County Department of Social Services, petitioner; Jacklyn L. (Anonymous), respondent. (Proceeding No. 1)
In the Matter of Shannon F. (Anonymous). Orange County Department of Social Services, petitioner; Jacklyn L. (Anonymous), respondent. (Proceeding No. 2)
In the Matter of Alexander L. (Anonymous), appellant. Orange County Department of Social Services, petitioner-respondent; Jacklyn L. (Anonymous), respondent. (Proceeding No. 3)
In the Matter of Dustyn L. (Anonymous), appellant. Orange County Department of Social Services, petitioner-respondent; Jacklyn L. (Anonymous), respondent. (Proceeding No. 4)
In the Matter of Skyler L. (Anonymous), appellant. Orange County Department of Social Services, petitioner-respondent; Jacklyn L. (Anonymous), respondent. (Proceeding No. 5)
In the Matter of Tabbietha L. (Anonymous), appellant. Orange County Department of Social Services, petitioner-respondent; Jacklyn L. (Anonymous), respondent. (Proceeding No. 6)
In the Matter of Veronica L. (Anonymous), appellant. Orange County Department of Social Services, petitioner-respondent; Jacklyn L. (Anonymous), respondent. (Proceeding No. 7)
In the Matter of Gwendalinn L. (Anonymous), appellant. Orange County Department of Social Services, [*2]petitioner-respondent; Jacklyn L. (Anonymous), respondent. (Proceeding No. 8)
In the Matter of Nadiya L. (Anonymous), appellant. Orange County Department of Social Services, petitioner-respondent; Jacklyn L. (Anonymous), respondent. (Proceeding No. 9)


Kelli M. O'Brien, Goshen, NY, for appellants.
Langdon C. Chapman, County Attorney, Goshen, NY (Christine Foy Stage of counsel), for petitioner-respondent.
Marsha E. Koretzky, Goshen, NY, attorney for the child Shannon F.
In related proceedings pursuant to Family Court Act article 10, the children Alexander L., Dustyn L., Skyler L., Tabbietha L., Veronica L., Gwendalinn L., and Nadiya L. appeal from an order of the Family Court, Orange County (Lori Currier Woods, J.), dated November 22, 2016. The order adjourned the neglect petition until July 18, 2017, in contemplation of dismissal upon certain terms and conditions.



DECISION & ORDER
Motion by the petitioner-respondent to dismiss the appeal on the ground that it has been rendered academic. By decision and order on motion of this Court dated November 3, 2017, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion, the papers filed in opposition and in relation thereto, and upon the submission of the appeal, it is
ORDERED that the motion is granted; and it is further,
ORDERED that the appeal is dismissed, without costs or disbursements.
"It is a fundamental principle of our jurisprudence that the power of a court to declare the law only arises out of, and is limited to, determining the rights of persons which are actually controverted in a particular case pending before the tribunal. This principle, which forbids courts to pass on academic, hypothetical, moot, or otherwise abstract questions, is founded both in constitutional separation-of-powers doctrine, and in methodological strictures which inhere in the decisional process of a common-law judiciary" (Matter of Hearst Corp. v Clyne, 50 NY2d 707, 713-714; see Matter of Elizabeth C. [Omar C.], 156 AD3d 193, 198-199; Matter of Kirkland v Annucci, 150 AD3d 736, 737-738; Matter of Powell v Mount St. Mary Coll., 142 AD3d 1082, 1082-1083).
Thus, an appeal is academic "unless an adjudication of the merits will result in immediate and practical consequences to the parties" (Coleman v Daines, 19 NY3d 1087, 1090; see Matter of New York State Commn. on Jud. Conduct v Rubenstein, 23 NY3d 570, 576; Matter of Colon v Annucci, 151 AD3d 1061, 1062).
The application of these principles to the facts of this case establish that the appeal is academic. In the order appealed from, the Family Court adjourned the proceedings in contemplation of dismissal until July 18, 2017. Where a proceeding is adjourned in contemplation [*3]of dismissal, and the proceeding is not restored to the calendar and no applications by the petitioner or the child's attorney or motions by the court to restore the proceeding to the calendar are pending, "the petition is, at the expiration of the adjournment period, deemed to have been dismissed by the court in furtherance of justice" (Family Ct Act 1039[f]). Thus, the petition has been dismissed, by operation of law and in the furtherance of justice (see id.; cf. Matter of Casey A. [Glen A.], 755 NYS2d 79). Given that the appellants have received the exact relief they seek, any determination we might make in this matter would have no direct effect on the rights of the parties before us (see Matter of Elizabeth C. [Omar C.], 156 AD3d at 199; see also Matter of Lucinda R. [Tabitha L.], 85 AD3d 78, 83).
Contrary to the appellants' contention, this case does not warrant the invocation of the exception to the mootness doctrine (see Matter of Hearst Corp. v Clyne, 50 NY2d at 714-715).
MASTRO, J.P., CHAMBERS, SGROI and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court