Tavares v Tavares (2021 NY Slip Op 50386(U))

[*1]

Tavares v Tavares

2021 NY Slip Op 50386(U) [71 Misc 3d 134(A)]

Decided on April 30, 2021

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on April 30, 2021
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: McShan, J.P., Brigantti, Hagler, JJ.

570257/20

Anthony Tavares and Irannia Tavarez,
Petitioners- 
against
Juan Tavares, Respondent, - and - New York City Housing Authority,
Respondent-Respondent.

Petitioners appeal from an order of the Civil Court of the City of New York, Bronx County
(Miriam Breier, J.), dated June 12, 2019, which, after a hearing, dismissed the petition in
an illegal lockout proceeding (RPAPL 713[10]), without prejudice to any claim petitioners may
seek to pursue against respondents for money damages.

Per Curiam.
Order (Miriam Breier, J.), dated June 12, 2019, reversed and vacated, with $10 costs, and the
petition dismissed as moot.
Petitioners commenced this illegal lockout proceeding pursuant to RPAPL 713(10) seeking
restoration to a certain New York City Housing Authority apartment. While the proceeding was
pending, petitioners informed the court that they no longer sought restoration to the premises.
Consequently, the Civil Court should have dismissed the petition as academic rather than on the
merits (see Branic Intl. Realty Corp. v Pitt, 24 NY3d 1005 [2014]; Matter of
Gold-Greenberger v Human Resources Admin. of City of NY, 77 NY2d 973 [1991]). The
effect of our disposition is "to erase the whole case from the books" (Matter of Park E. Corp.
v Whalen, 43 NY2d 735, 736 [1977]; see Matter of Branic Intl., Realty Corp. v Pitt, 124 AD3d 421
[2015], affd 26 NY3d 937 [2015]).
All concur.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

Clerk of the Court
Decision Date: April 30, 2021