Matter of Weinman v New York State Dept. of Motor Vehs.Traffic Violations Bur. (2022 NY Slip Op 02004)





Matter of Weinman v New York State Dept. of Motor Vehs.Traffic Violations Bur.


2022 NY Slip Op 02004


Decided on March 23, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
REINALDO E. RIVERA
PAUL WOOTEN, JJ.


2019-10235
 (Index No. 81073/18)

[*1]In the Matter of Peter Jon Weinman, appellant,
v
New York State Department of Motor Vehicles Traffic Violations Bureau, etc., et al., respondents.


DeGuerre Law Firm, P.C., Staten Island, NY (Anthony DeGuerre of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Judith N. Vale and Eric R. Haren of counsel), for respondents.



DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Motor Vehicles Appeals Board dated July 16, 2018, which affirmed a determination of an administrative law judge dated March 15, 2018, made after a hearing, finding that the petitioner/plaintiff violated Vehicle and Traffic Law § 1110(a) and imposing a fine, and action, inter alia, to recover damages for civil rights violations pursuant to 42 USC § 1983, the petitioner/plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Richmond County (Charles M. Troia, J.), dated June 28, 2019. The order and judgment granted the cross motion of the respondents/defendants pursuant to CPLR 3211(a) and 7804(f) to dismiss the petition/complaint, denied the petition, and dismissed the proceeding/action.
ORDERED that the order and judgment is affirmed, with costs.
On April 24, 2017, the petitioner/plaintiff, Peter Jon Weinman, was issued a summons for operating his motorcycle in violation of Vehicle and Traffic Law § 1110(a), for driving his motorcycle in the high occupancy vehicle (hereinafter HOV) lane of the Staten Island Expressway in disobedience of a sign restricting HOV lane travel to vehicles with three or more occupants. A hearing was held on March 15, 2018, before an administrative law judge (hereinafter the ALJ). Following the hearing, the ALJ determined that Weinman violated Vehicle and Traffic Law § 1110(a), and imposed a $50 fine plus surcharge. The New York State Department of Motor Vehicles Appeals Board (hereinafter the Board) affirmed the ALJ's determination.
Weinman commenced this hybrid proceeding pursuant to CPLR article 78 to review the Board's determination and action, inter alia, to recover damages for civil rights violations pursuant to 42 USC § 1983 against the Board, the ALJ, and the New York State Department of Motor Vehicles Traffic Violations Bureau (hereinafter DMV, and, collectively with the Board and the ALJ, the respondents). The respondents cross-moved pursuant to CPLR 3211(a) and 7804(f) to dismiss the petition/complaint.
By order and judgment dated June 28, 2019, the Supreme Court granted the respondents' cross motion, denied the petition, and dismissed the proceeding/action. Weinman appeals.
Contrary to Weinman's contention, the Supreme Court properly granted that branch of the respondents' cross motion which was pursuant to CPLR 7804(f) to dismiss the petition as academic. It is well settled "that the power of a court to declare the law only arises out of, and is limited to, determining the rights of persons which are actually controverted in a particular case pending before the tribunal" (Matter of Hearst Corp. v Clyne, 50 NY2d 707, 713; see Matter of Colon v Annucci, 151 AD3d 1061, 1061-1062). Thus, courts are precluded "from considering questions which, although once live, have become moot by passage of time or change in circumstances" (Matter of Hearst Corp. v Clyne, 50 NY2d at 714).
Here, the Supreme Court properly concluded that the petition had been rendered academic by the vacatur of Weinman's conviction, the expungement of the conviction and all associated data from his driving record, and the refunding of the fine and related fees paid in connection with the conviction, as Weinman "had received the ultimate relief he was seeking and any ruling on the petition would have no immediate and practical consequences to" him (Matter of Colon v Annucci, 151 AD3d at 1062; see Matter of Conroy v Melton, 53 AD2d 679, 679).
Moreover, the Supreme Court properly granted that branch of the respondents' cross motion which was pursuant to CPLR 3211(a)(7) to dismiss the cause of action to recover damages for civil rights violations pursuant to 42 USC § 1983 for failure to state a cause action. The DMV and the Board are not persons amenable to suit within the meaning of 42 USC § 1983 (see Will v Michigan Dept. of State Police, 491 US 58, 64, 70-71; Jattan v Queens Coll. of City Univ. of N.Y., 307 AD2d 335, 335-336; Matter of Thomas v New York Temporary State Commn. on Regulation of Lobbying, 83 AD2d 723, 723, affd 56 NY2d 656), and the ALJ is entitled to absolute immunity from suit (see Montero v Travis, 171 F3d 757, 760 [2d Cir]). Contrary to Weinman's contention, under such circumstances, dismissal with prejudice was proper (see generally GMAC Mtge., LLC v Bisceglie, 109 AD3d 874, 876; Rosenfeld v Renika Pty. Ltd., 84 AD3d 703, 703).
Weinman's remaining contentions are without merit.
DILLON, J.P., BRATHWAITE NELSON, RIVERA and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court