Alam v Zelman (2025 NY Slip Op 25255)

[*1]

Alam v Zelman

2025 NY Slip Op 25255

Decided on November 25, 2025

Civil Court Of The City Of New York, Kings County

Bacdayan, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on November 25, 2025
Civil Court of the City of New York, Kings County

Jamie Alam, Petitioner

against
David Zelman; ISREAL MENDLEWICZ; BRICKVIEW REALTY LLC; EDISON "DOE"; ARNOLD "DOE", Respondents

LT-002630-25/KI

Karen May Bacdayan, J.

BACKGROUND AND PROCEDURAL HISTORY
Petitioner commenced this Real Property Actions and Proceedings Law ("RPAPL") § 713 (10) "illegal lockout" proceeding by order to show cause and verified petition seeking to be restored to possession of 509 Maple Street, Brooklyn, NY 11225. RPAPL § 713 (10) of the Real Property Actions and Proceedings Law ("RPAPL") provides that a special proceeding may be maintained where the person in possession has entered the property or remains in possession by force or unlawful means and he or his predecessor in interest was not in quiet possession for the years before the time of the forcible or unlawful entry or detainer and the petitioner was peaceably in actual possession at the time of the forcible or unlawful entry or in constructive possession at the time of the forcible or unlawful detainer.
The subject premises is a single-family dwelling. There is no dispute that petitioner is a tenant who was in possession pursuant to a lease which commenced July 2024. Respondent's tenancy was never terminated, and there is a pending nonpayment proceeding against petitioner in Kings County Housing Court, to wit Zelman v Alam, LT-322837-25/KI. Neither is there a dispute that David Zelman is the owner of the property.
Petitioner, filed the instant petition on October 24, 2025 and had standing at the time to do so. On November 1, 2025, an intervening even occurred. It is not disputed that the premises was rendered uninhabitable by a massive fire. While the parties agree that, should petitioner prevail in this proceeding, petitioner will be unable to reoccupy the premises, petitioner's position is that she was illegally locked out of the premises prior to the fire, and, thus, her claim is ripe for adjudication.
At the pre-trial conference held on November 6, 2025, petitioner indicated a desire to [*2]obtain from the Housing Court a ruling that she was illegally locked out of the premises in order to utilize that holding to seek damages pursuant to RPAPL 853, discussed infra. Petitioner's attorney described the premises as "no longer livable." (FTR 10:16 a.m.) Petitioner herself described the premises as "burned out," "boarded up," and "pretty much destroyed." (FTR 10:17 a.m.) Petitioner's attorney suggested that someone had intentionally started the fire, and indicated that records from the FDNY would be subpoenaed to establish same. The court denied petitioner's oral application to amend the petition to include allegations of harassment, arson, and damages, noting that this court has no jurisdiction over an award of damages for unlawful eviction, that the court would not consider a criminal allegation in the context of this proceeding, and that a finding of harassment can be sought in what is colloquially known as an "HP" proceeding. The court acknowledged that the illegal lockout petition was properly before this court when signed but cautioned that the court would not issue any advisory opinions regarding what should happen in the future. (FTR 10:38 a.m.)
At a conference held on November 21, 2025, the day of trial, which took place between 10:00 a.m. and 10:10 a.m. on the digital record, the court indicated its intention to dismiss the proceeding as moot without prejudice to a proceeding pursuant to RPAPL 853. Petitioner objected to the court's inclination and their objection was heard on the record. Petitioner's attorney incorrectly advanced that a finding pursuant to RPAPL 713 (10) that an illegal lockout occurred is a prerequisite to filing a proceeding under RPAPL 853. Petitioner's counsel also advanced that recent case law, to wit Rodriguez v Hub BK, LLC, 238 NYS3d 869 (App Term 2d, 11th and 13th Jud Dists 2025), discussed infra, is controlling.
The court disagrees with petitioner that the court must maintain jurisdiction over this proceeding which was commenced by petitioner to be restored to possession should she prove that the ouster was illegal. While petitioner's claims of unlawful eviction and damages therefor were not extinguished by the fire, petitioner's claim to be restored to possession is untenable at best. Controlling authority does not constrain this court to order petitioner constructively restored to possession of the building until such time as physical reoccupation of the premises is feasible, in order to afford petitioner the opportunity to defend an end-of-lease holdover at some unknown time in the future. This is not a determination that restoration is futile; rather, the court issues this decision and order based upon the principles of judicial economy, justiciability, and the court's "inherent power over the control of their calendars and the disposition of business before them." (Hochberg v Davis, 171 AD2d 192, 194 [1st Dept 1991].) Petitioner can obtain complete relief — i.e., a finding of unlawful eviction, restoration to possession, and damages — in another forum, under a separate statute. (RPAPL 853 ["Action for forcible or unlawful entry or detainer; treble damages."])
ANALYSIS
The Housing Court lacks jurisdiction to award damages in a summary proceeding to restore possession of real property brought pursuant to RPAPL 713 (10). (Eze v Spring Creek Gardens, 85 AD3d 1102 [2d Dept 2011].)
RPAPL 853 provides for such a plenary action, and states in full:
"Action for forcible or unlawful entry or detainer; treble damages. If a person is disseized, ejected, or put out of real property in a forcible or unlawful manner, or, after he has been put out, is held and kept out by force or by putting him in fear of personal violence or by [*3]unlawful means, he is entitled to recover treble damages in an action therefor against the wrong-doer."
RPAPL 853 proceedings stand alone, and the court hearing such a proceeding may determine both whether an ouster was unlawful, and also the amount damages incurred. (See Orlitsky v 33 Greenwich Owners Corp., No. 152667/2022, 2024 WL 382569, at *6 [Sup Ct, New York County 2024].) No initial finding of an illegal lockout by the Housing Court is required. A petitioner in an RPAPL 853 proceeding may seek both damages and restoration to possession of the premises. (Sol De Ibiza, LLC v Panjo Realty, Inc., 29 Misc 3d 72 [App Term, 2d Dept 2010] [in a proceeding commenced pursuant to RPAPL 853, the Appellate Term reversed the trial court holding that "adjudication of tenant's petition seeking restoration and treble damages for wrongful eviction was premature[.]") A finding in favor of petitioner in an illegal lockout proceeding which merely positions petitioner to commence a proceeding for damages is in the nature of an impermissible advisory opinion.[FN1]

It is not disputed that, as a tenant in possession of this single-family home under an expired lease, petitioner has standing. What is disputed is whether the court can or should issue a judgment of possession in favor of petitioner such that she is constructively restored to possession of an undisputedly uninhabitable premises pending its hypothetical reconstruction. However, a court may not consider a question which, although once justiciable, has become moot by a change in circumstances or the passage of time. (See Weinman v NY State Dep't of Motor Vehs.Traffic Violations Bureau, 203 AD3d 1050, 1051 [2d Dept 2022]; Ben-Benu v Kandhorov, 75 Misc 3d 1211[A], 2022 NY Slip Op 50469[U], *12 [Civ Ct, Kings County 2022].)[FN2]

Manifestly, the issuance of a judgment of possession and/or warrant of eviction to an individual who does not seek restoration to possession of a premises would have no immediate or practical effect. (See Portofino Realty Corp. v. NY State Div. of Hous. & Cmty. Renewal, 193 AD3d 773, 775 [2d Dept. 2021].) By the same token, a petitioner in an illegal lockout proceeding who seeks restoration, but who cannot be restored to the premises — for example because a vacate order has been issued for the property,[FN3]
or, as here, because the premises has been [*4]admittedly "destroyed" by a fire — presents the court with the same barriers to adjudication. As recently observed in Barnes v Michelle Serv., 85 Misc 3d 1281[A], 2025 NY Slip Op 50762[U] [Civ Ct, Queens County 2025] "[b]ecause the sole purpose of an unlawful detainer proceeding is to recover possession, a party seeking only monetary damages for illegal eviction or other incidental relief related to personal property is relegated to a plenary action (see Tavares v Tavares, 71 Misc 3d 134(A) [App Term, 1st Dept 2021]; Rostant v Swersky, 79 AD3d 456 [1st Dept 2010])." (Id. at n 4.) Here, while petitioner's cause of action was ripe at the time she filed it, the relief she seeks from the Housing Court in this RPAPL 713 (10) is no longer plausible. (See e.g. Khandhorov at *12 [where during the illegal lockout proceeding respondent sold the premises, the court held that a "petitioner in a lockout proceeding cannot obtain a judgment of possession from a party who is no longer in a position to confer possession upon said petitioner."])
Discussion of Instructive Caselaw
Were the subject premises Rent Stabilized, the Division of Housing and Community Renewal ("DHCR") has the power to issue an order requiring a tenant who has been vacated by a fire to pay $1.00 per month to remain in constructive possession of their apartment. This process entitles the tenant to reoccupy their apartment when the building is again made habitable. (See Gregoretti v 92 Morningside Avenue, LLC., 166 AD3d 466 [1st Dept., 2018].)
In Gregoretti, a fire rendered the building "uninhabitable, requiring all tenants to vacate the building." (Gregoretti v 92 Morningside Ave., LLC, No. 157151/2014, 2017 WL 1293126, at *1 (Sup Ct, New York County 2017]. Gregoretti remained in constructive possession for 10 years pursuant to a DHCR order until a second massive fire tore through the building. Thereafter, defendants performed a "gut renovation" and "rebuilt the interior of the building[.]" (Id.) The court noted that the law in the First Department is "that where a rent-stabilized or rent-controlled building is effectively demolished by fire, which requires the building to be so damaged by fire, without being burned to the ground, that the owner is left with no real choice but to demolish it, the owner is not obligated to offer apartments in the new building to the former tenants of the rent-stabilized and rent-controlled apartments no longer in existence." (Id. at 2.) The Appellate Division affirmed the Supreme Court's holding. (Gregoretti v. 92 Morningside Ave., LLC, 166 AD3d 466 [1st Dept 2018].)
Gregoretti is distinguishable from the case at bar. First, the subject premises is a single-family dwelling and not a rent stabilized premises; DHCR does not oversee the occupancy of this building, and the same administrative procedures to maintain "constructive possession" do not apply. Second, no vacate order for the building has been issued. The common thread is that both parties agree that the building is uninhabitable.
In Truglio v VNO 11 E. 68th St. LLC, 35 Misc 3d 1227(A), 2012 NY Slip Op 50908(U) (Civ Ct, New York County 2012), the court found that the petitioner, a rent stabilized tenant, had established, prima facie, that she been illegally evicted from a maid's room in violation of RPAPL 713 (10). The court found that respondent-landlord forcibly broke the lock to the room, removed all of petitioner's belongings, and then demolished the room, preventing her reentry. (Id., *12.) In Truglio, while the court determined that it was not relevant whether the premises [*5]was rent regulated or not, petitioner therein "ask[ed] that the [c]ourt direct [r]espondent to rebuild the [s]ubject [p]remises." Here, there is no such request before the court. The salient distinction between Truglio and the case at bar is that the relief sought here does not comprise a request for an order to correct pursuant to Civil Court Act 110 (c). This relief is readily available to petitioner in an HP proceeding.
Neither does Rodriguez v Hub BK, LLC, 238 NYS3d 869 (App Term 2d, 11th and 13th Jud Dists 2025) require a different result. Reversing years of jurisprudence, the court in HUB BK held futility of restoration to a premises, is no longer factor after the passage of the Housing Stability and Protection Act of 2019 ("HSTPA"). The Appellate Term, Second Department held that under the HSTPA,
"futility is no longer a consideration in proceedings commenced pursuant to RPAPL 713 (10) because a lawful occupant is now entitled to the protections afforded by a summary proceeding before being evicted, even if the occupant is ultimately not entitled to possession. . . . The only type of occupant specifically excluded from the protections of RPAPL 711 is a squatter—an unlawful occupant."[FN4]
Respondent had standing at the moment in time when she asserted her claim to be restored to the premises. HUB BK would not alter the analysis. But the circumstances have rapidly changed, and respondent seeks to be restored to an uninhabitable premises based on a speculative reconstruction of the building as the same single-family unit at some unknown time in the future. The court cannot enter a conditional possessory judgment. Moreover, as set forth above, petitioner may be afforded complete relief in a plenary proceeding.
CONCLUSION
Accordingly, it is
ORDERED that the proceeding is dismissed on the motion of the court without prejudice to a plenary proceeding.
DATED: November 25, 2025
Brooklyn, NY
Karen May Bacdayan, JHC

Footnotes

Footnote 1: "Courts are generally prohibited from issuing advisory opinions or ruling on hypothetical inquiries (internal quotation marks and citations omitted)[.]" See Portofino Realty Corp. v New York State Div. of Hous. & Cmty. Renewal, 147 NYS3d 69, 72—73 (2d Dept 2021).

Footnote 2: See n 1, supra.

Footnote 3: RPAPL § 768 (1) (a) provides that "[i]t shall be unlawful for any person to evict or attempt to evict an occupant of a dwelling unit who has lawfully occupied the dwelling unit for thirty consecutive days or longer or who has entered into a lease with respect to such dwelling unit except to the extent permitted by law pursuant to a warrant of eviction or other order of a court of competent jurisdiction or a governmental vacate order."New York City Administrative Code § 26-521 (a) provides that "[i]t shall be unlawful for any person to evict or attempt to evict an occupant of a dwelling unit who has lawfully occupied the dwelling unit for thirty consecutive days or longer .. except to the extent permitted by law pursuant to a warrant of eviction or other order of a court of competent jurisdiction or a governmental vacate order."

Footnote 4: Shortly after HUB BK was published, the Appellate Term, First Department, followed suit. (Linder v Lafayette Morrison HDFC, No. 570788/25, 2025 WL 2691893, at *1 (NY App. Term. Sept. 18, 2025).